**SOUTHWESTERN INVESTMENT COMPANY, Appellant,**

v.

**Robert W. MANNIX, Appellee.**

No. 5630.

Court of Civil Appeals of Texas, Waco.

Aug. 12, 1976.

Rehearing Denied Sept. 16, 1976.

Cleo G. Clayton, Jr., Clayton & Stubblefield, Amarillo, for appellant.

Robert M. Kunczt, Kelleher, Kunczt & Loveland, Inc., San Antonio, for appellee.

## OPINION

McDONALD, Chief Justice.

This is an appeal by defendant Southwestern Investment from summary judgment for $731.68 statutory damages, plus $1000. attorneys' fees, in favor of plaintiff Mannix.

Plaintiff Mannix sued defendants Banner Sales Company and Southwestern Investment, alleging he purchased stereo equipment from Banner January 22, 1974 for $381.04 down payment and an unpaid balance of $800.; that he signed a sales contract and finance agreement for the unpaid balance on a form provided by Southwestern, and which Southwestern acquired by assignment; that such transaction violated the Texas Consumer Credit Code and the Federal Truth In Lending Act in a number of particulars; for which plaintiff sought judgment against both defendants for $731.68 statutory damages plus attorneys' fees. Plaintiff thereafter moved to sever and dismiss as to Banner; and moved for summary judgment against Southwestern.

The trial court granted both motions; held plaintiff entitled to judgment for 6 State and 5 Federal violations; and rendered judgment for plaintiff for $731.68, plus $1000. attorneys' fees.

Defendant appeals on 11 points contending the trial court erred in each of its conclusions that defendant was guilty of 6 violations of the Texas Consumer Credit Code (1 thru 6), and 5 violations of the Federal Truth In Lending Act (7 thru 11).

The parties have stipulated that if the record on summary judgment sustains the trial court on any State violation and on any Federal violation (except a violation in which a delinquency charge is violated), that the statutory damages awarded by the trial court are correct, and that the $1000. attorneys' fees awarded by the trial court are reasonable.

We will consider only defendant's points 2, 6 and 7.

Point 2 asserts "The trial court erred in concluding the contract improperly provides for collection of delinquency charge on any installment ten days or more past due in violation of Article 5069–6.02(11) which authorized recovery herein by appellee".

Article 5069–6.02(11) provides "the holder of any retail installment contract if it so provides may collect a delinquency charge on each installment in default for a period of more than ten days in an amount not to exceed five percent of each installment or Five Dollars, whichever is less * * * ".

Article 5069–8.01 provides "Any person who violates this Subtitle by contracting for, charging or receiving interest, time price differential or other charges which are greater than the amount authorized by this Subtitle * * * ".

Defendant contracted for the right to collect a delinquency charge for a period in excess of that authorized by the Statute, thus violating the provisions thereof.

Point 2 is overruled.

Point 6 asserts: "The trial court erred in concluding the contract provides for the acceleration of the unpaid balance and collection of maximum rate of interest thereon in event of default in violation of Article 5069–6.02(10).

The contract under "Terms and Conditions" provides: " * * * Debtor agrees to pay the Total of Payments designated herein to order of Secured Party in Amarillo, Potter County, Texas, with interest thereon after maturity at the highest legal contract rate".

"Total of Payments" with interest does not mean "unpaid balance" or "unpaid principal"; it means the total of payments as provided for in the installment contract plus the finance charges. And defendant by its counterclaim in this case sought collection of the total payments due, being the unpaid balance plus the unearned finance charges.

 Acceleration of unearned finance charges is a violation of Article 5069–8.01. *Moore v. Sabine National Bank of Port Arthur*, Texas, CCA, NRE, 527 S.W.2d 209.

In the instant case the trial court correctly held the contract violated Article 5069–6.02(10) by providing for the acceleration of "Total of Payments" without providing for deduction of unearned finance charges (a violation of Article 5069–8.01).

Point 6 is overruled.

Point 7 asserts "The trial court erred in concluding the contract in incorporating the disclosure statement contract and security agreement on a single sheet of paper failed to make all necessary disclosures on the same side of the page above and adjacent to the place for the customer's signature in violation of Regulation Z, Section 226.8(a)(1)".

Regulation Z, Section 226.8(a) of the Federal Truth In Lending Act provides " * * all of the disclosures shall be made together on either: (1) The note or other instrument evidencing the obligation on the same side of the page and above or adjacent the place for the customer's signature; or (2) One side of a separate statement which identifies the transaction".

In this case the agreement is written on both sides of a single page. According to the Interpretive Ruling of the Federal Reserve Board, in instances where both the face and reverse side are used, both sides must contain the statement. "NOTICE: See other side for important information". Here the foregoing statement does not appear on either side of the agreement. See: *McDonald v. Savoy*, CCA, NWH, 501 S.W.2d 400.

Regulation Z was violated.

Point 7 is overruled.

Points 2 and 6 are concerned with State violations and point 6 is not a violation in which a delinquency charge is violated; point 7 is concerned with a Federal violation. Under the parties' stipulation the judgment of the trial court is thus AFFIRMED.