**SEISMIC & DIGITAL CONCEPTS, INC., Appellant,**

**v.**

**DIGITAL RESOURCES CORPORATION, Appellee.**

**No. 17453.**

Court of Civil Appeals of Texas, Houston (First Dist.).

Oct. 4, 1979.

Bakke & Bradshaw, O. Otis Bakke, Houston, for appellant.

Lapin, Totz & Mayer, William A. Petersen, Houston, for appellee.

Before PEDEN, WALLACE and WARREN, JJ.

PEDEN, Justice.

Digital Resources Corporation sued Seismic & Digital Concepts, Inc., for nonpayment on a contract under which Digital furnished computer software programs for use by Seismic. Seismic entered a general denial and brought a $50,000 counterclaim for profits lost due to Digital's failure to deliver the software by the date agreed upon in the contract. The trial court, sitting without a jury, entered judgment for Digital in the amount sued for, $6,750, but did not allow attorneys' fees, and awarded nothing on Seismic's counterclaim. We affirm.

The trial judge made and filed findings of fact and conclusions of law, but Seismic failed to timely file a statement of facts, and we have, by written opinion, denied its tardy motion for an extension of time to file it. Seismic assigns these points of error:

(1) The evidence does not support the judgment of the court in this matter.

(2) The findings of the trial court do not support the judgment.

(3) The judgment of the court is against the preponderance of the evidence. (Appellant's Brief, p. 3)

Digital raises this cross-point: "Appellant has failed to timely file its brief so as to present its points of error for review by the Court of Civil Appeals." Seismic does not appeal from the denial of its counterclaim, nor does Digital appeal from the denial of attorneys' fees.

The claims raised in Seismic's first and third points of error, asserting insufficiency of the evidentiary support of the trial court's findings, are not reviewable without a statement of facts. In its absence, we must presume on appeal that sufficient evidence was introduced to support the findings of the trial court. *Englander Co. v. Kennedy*, 428 S.W.2d 806 (Tex. 1968); *Lane v. Fair Stores, Inc.*, 150 Tex. 566, 243 S.W.2d 683 (1951); *McRae Oil Corporation v. Guy*, 495 S.W.2d 31 (Tex.Civ. App.1973, writ ref'd n. r. e.). Seismic's first and third points of error are overruled.

In its second point of error Seismic contends that even if the trial court's findings are conclusive, they do not support the judgment. Seismic argues that Digital breached whatever contractual arrangement the parties may have had by failure to deliver the software program to appellant within the contract time, and that Digital is itself in default on the contract and cannot now maintain a suit for its breach.

The relevant findings of fact of the trial court are:

That the Plaintiff, Digital Resources Corporation and the Defendant, Seismic & Digital Concepts, Inc., executed an agreement on September 6, 1974.

2. Under the agreement, the Plaintiff was to write up certain software programs for use by the Defendant in work it anticipated doing for Exxon Corporation. The software programs were scheduled for completion 45 days after September 6, 1974.

3. The defendant furnished Plaintiff with materials and specifications provided by Exxon Corporation for use in writing the software programs.

4. Plaintiff wrote the software program and furnished same to Defendant during the first part of November, 1974.

5. The data furnished by Exxon and the Defendant was found to have errors and required that the software programs be corrected.

6. On or about November 25, 1974, the software programs were completed and several test runs made which indicated additional adjustments were necessary.

7. On December 20, 1974, the software was delivered to the Defendant with the errors and adjustments completed.

8. Plaintiff invoiced Defendant on December 20, 1974 for the completed software program.

9. On or about February 19, 1975, Defendant wished the software programs reworked to increase the speed of the "run."

10. Defendant agreed to payment of $800.00 for the additional work required to increase the speed of the software programs.

11. The modifications to increase speed on the software programs were completed by Plaintiff on or about April 16, 1975 and the systems delivered to Defendant.

. . . . .

13. Following April of 1975, the software programs were approved as to speed and performance by Defendant and Exxon Corporation.

14. The Defendant has not rejected the software programs and has retained same as of the time of trial.

15. Payment under the contract price of $6,750.00 has not been made by Defendant.

. . . . .

Seismic did not challenge the findings of fact when they were filed, nor did it request any supplemental findings.

It is clear from findings two and four that Digital did not deliver the software programs by October 21, 1974, the date agreed upon in the contract, but it does not follow that such late delivery necessarily precludes Digital's recovery of the contract price. Finding number four states that the programs were furnished to Seismic "during the first part of November, 1974,"

showing a delay of from ten to twenty-five days, depending on whether "the first part" was closer to November 1 or to November 15. Findings five through eleven indicate that although Digital continued to work on the programs from November to April, this additional work was initially necessary because of errors in the data supplied by Seismic. Moreover, we note that 1) the complete absence of evidence that the speed of the programs delivered in November was less than that required under the contract, 2) the December 20 invoice for the "completed" program, and 3) Seismic's agreement to pay $800 more for the "additional work" to increase the speed are all factors supporting the conclusion that the later work done to increase the speed of the programs was performed at Seismic's request on software programs which then conformed to the agreement.

■ When, as here, there is no indication that time was of the essence, failure to perform a contract on the exact date specified is not such a breach as justifies nonperformance by the other party *Dibrell v. Ramsey Bros.*, 294 S.W. 645 (Tex.Civ.App. 1927, writ ref'd Oct. 19, 1927); *Laredo Hides Company, Inc. v. H & H Meat Products Company, Inc.*, 513 S.W.2d 210 (Tex.Civ. App.1974, writ ref'd n. r. e.); *Houston Belt & Terminal Railway Company v. J. Weingarten, Inc.*, 421 S.W.2d 431 (Tex.Civ.App. 1967, writ ref'd n. r. e.). In our case, Digital's delivery of the software programs from ten to twenty-five days after the date agreed upon was followed by some five months of additional work performed either at Seismic's request or because of its errors. During those five months Seismic never rejected the programs. On the contrary, the trial judge explicitly found that Seismic accepted them and approved them "as to speed and performance" sometime after April, 1975. Under these circumstances, Digital's failure to comply exactly with the delivery schedule did not justify Seismic's refusal to perform its own obligations.

Even if Digital's initial delay in delivering the software programs had constituted a breach of the agreement, we agree with

the trial court's conclusion that as a matter of law Seismic effectively waived strict compliance with the delivery schedule.

 Waiver of strict performance may be inferred from the circumstances or course of dealings between the parties. *Puckett v. Hoover,* 146 Tex. 1, 202 S.W.2d 209 (1947); *Broady v. Mitchell,* 572 S.W.2d 36 (Tex.Civ.App.1978, writ ref'd n. r. e.); *Laredo Hides Company, Inc. v. H & H Meat Products Company, Inc.,* supra. A waiver may result from one party's express or implied assent to the continued performance of the other party without objection to the delay, as in. *Broady v. Mitchell,* supra, and *Ryan v. Thurmond,* 481 S.W.2d 199 (Tex. Civ.App.1972, writ ref'd n. r. e.). In addition, express representations by one party that strict compliance with a deadline will not be required, or other actions that reasonably lead the other party to believe such, will also cause an effective waiver of a time provision in a contract. *Puckett v. Hoover,* supra; *Broady v. Mitchell,* supra; *Laredo Hides Company, Inc., v. H & H Meat Products Company, Inc.,* supra. Finally, a party may effectively waive a breach of agreement by the other party by continuing to insist on performance by the other party even after the breach. *Dibrell v. Ramsey Bros.,* supra; *Houston Belt & Terminal Railway Company v. J. Weingarten, Inc.,* supra. In our case, Seismic waived the contract provision as to time of performance through its failure to object to the delay. Its failure to reject the software programs when delivered, and its subsequent conduct in both assenting to the delay and requesting additional work from Digital on the completed programs.

The trial court's findings support its judgment.

Having overruled the appellant's points of error, we need not detail our reasons for having extended the time for the filing of its brief.

Affirmed.