**C. L. TYRA, Petitioner,**

v.

**BOB CARROLL CONSTRUCTION COMPANY, Respondent.**

No. C–659.

Supreme Court of Texas.

July 14, 1982.

Rehearing Denied Oct. 29, 1982.

Leeton & Leeton, James R. Leeton, Jr., Midland, for petitioner.

Bobo & Pipes, J. A. Bobo, Odessa, for respondent.

GREENHILL, Chief Justice.

This was a suit by Bob Carroll Construction Company [Carroll] against C. L. Tyra for construction done by Carroll for Tyra. The action was on an open account. Tyra brought a counterclaim for usury "charged" by Carroll.[1] Carroll denied that interest was charged, and offered as a defense any

---

1. Tyra claimed penalties for usury under Article 5069–1.06, since revised, which provided at the time of this suit:

   (1) Any person who contracts for, charges or receives interest which is greater than the amount authorized by this Subtitle, shall forfeit to the obligor twice the amount of interest contracted for, charged or received, and reasonable attorney fees fixed by the court provided that *there shall be no penalty for a violation which results from an accidental and bona fide error.* [emphasis ours]

   (2) Any person who contracts for, charges or receives interest which is in excess of

double the amount of interest allowed by the Subtitle shall forfeit as an additional penalty, all principal as well as interest and all other charges and shall pay reasonable attorney fees set by the court; provided further that any such person violating the provisions of this section shall be guilty of a misdemeanor and upon conviction thereof shall be punished by fine of not more than One Thousand Dollars. Each contract or transaction in violation of this section shall constitute a separate offense punishable hereunder.

"charges" of interest were the result of an accidental and bona fide error.

As the case reaches us, only the usury problem is involved. Trial was to the court without a jury. Judgment was for Carroll. Tyra's usury claim was denied. No findings of fact or conclusions of law were filed. The implied findings to support the trial court's judgment are that (1) usury was not "charged," and (2) the inclusion of the prayer for interest in Carroll's petition, which was in such an amount as to be usurious, was inserted by Carroll's attorney through accidental and bona fide error. The Court of Appeals affirmed. 618 S.W.2d 853.

The Court of Appeals found that there was sufficient evidence to support the trial court's finding that interest was not "charged." As noted below, the only "charge" of interest appeared in an abandoned pleading of Carroll. It held that the "bona fide error" question was "moot." Earlier in its opinion, it expressed the view that the "bona fide error" defense would not be applicable here. We are of the opinion that the statutory exception emphasized in footnote one hereof is applicable. *P. J. M., Inc. v. Walter Clark Advertising, Inc.,* 624 S.W.2d 282 (Tex.App.—Dallas 1981, writ ref'd n. r. e.). Therefore, assuming that there was a "charge" of interest, we affirm the judgment of the Court of Appeals on the trial court's finding of bona fide error. There is no challenge to the factual sufficiency of the evidence to support the finding of bona fide error.

The following facts support the implied finding of bona fide error. Prior to filing of the suit, Carroll sent invoices to Tyra reflecting only the amounts due for services rendered. When the bills became delinquent, Carroll sent two demand letters seeking immediate payment of the debt. The demand letters did not ask for interest.

The attorney for Carroll, testifying before the court, stated that he reviewed the invoices sent to Tyra as well as Carroll's accounts receivable ledger and knew that interest had not been charged to Tyra. He also knew that the two demand letters sent to Tyra did not claim any interest was due

on the account. He was never instructed to add interest to Tyra's account. The attorney testified that while preparing the original petition for this case, he used a petition from another collection case as a guide, one that included a claim for interest. The attorney instructed his secretary to draw up the Tyra petition and to insert the amounts Tyra owed to Carroll. The attorney checked the face amount of the claim on page 1 of the Tyra petition, looked to the back page to see if a request for attorney's fees was included, and failed to catch paragraph III containing the claim for interest.

The comptroller for Carroll also testified that it had never been the practice for his company to charge interest on outstanding accounts. He stated that the claim for interest was in error.

This evidence supports the implied finding that Carroll committed an accidental and bona fide error. The judgment of the Court of Appeals is affirmed.

SPEARS and WALLACE, JJ., note their dissent.