CARPET SERVICES, INC., Appellant,

v.

GEORGE A. FULLER COMPANY OF TEXAS, INC., Appellee.

No. 05–89–01008–CV.

Court of Appeals of Texas, Dallas.

Nov. 29, 1990.

Rehearing Denied Jan. 8, 1991.

David M. Berman, Robert E. Hager, Dallas, for appellant.

Luke Madole, Dallas, John C. Hayes, Jr., Washington, D.C., for appellee.

OPINION

HOWELL, Justice.

Carpet Services, Inc. ("Creditor") appeals from a judgment rendered in favor of George A. Fuller Company of Texas, Inc. ("Debtor"). In its first point of error, Creditor contends that the trial court erred in finding a usurious charge of interest in Creditor's original petition because no such charge was made as a matter of law. By counterpoint, Debtor urges affirmance without regard to the trial court's rulings, contending that it was conclusively established that Creditor did not perform its contractual obligations on time. We sustain the first point of error and overrule the counterpoint. Accordingly, we reverse the judgment of the trial court and render judgment in favor of Creditor.

Debtor was the general contractor and Creditor was a subcontractor on a commercial construction project. Both parties entered into a written subcontract providing that Creditor would supply and install carpet in a building being renovated. When Debtor refused to pay for the work and materials, Creditor brought suit.

In its original petition, Creditor pleaded for prejudgment interest as follows:

Plaintiff would show that it is entitled to pre-judgment interest at the rate of six percent (6%) per annum of and from ten (10) days after the delivery dates specified in Exhibit "A" [the invoices by which Creditor billed Debtor] in accordance with the provisions of Article 5069–1.03.

In its amended answer and second amended counterclaim, Debtor alleged that Creditor's original petition and first amended petition, by means of their requests for prejudgment interest, "charged" interest during interest-free periods.

Trial was before the court; findings of fact and conclusions of law were filed. The trial court concluded that Debtor had breached its contract with Creditor and that Creditor had been damaged. How-

ever, the court also found that Creditor's original petition contained a usurious charging of interest which was in excess of twice the amount allowed by law. It determined that such charge was not the result of a bona fide error or accident. The court therefore concluded that Creditor "shall forfeit all principal, interest and other charges" and rendered judgment against Creditor for the minimum statutory penalty of $2,000.

The trial court's judgment regarding usury was grounded upon a determination that no amounts were contractually due until Debtor was paid by the owner of the property. The court found that there was insufficient evidence to determine the exact date when Debtor received payment from the owner. However, it did find that payment did not occur until after March 9, 1987.[1] Under the contract, statutory prejudgment interest did not begin to accrue until thirty days *after* Debtor received payment from the owner. *See* TEX.REV.CIV. STAT.ANN. art. 5069–1.03 (Vernon 1987). Creditor pleaded for prejudgment interest on two of its three invoices from February 6, 1987. Inasmuch as it sued for interest running from a date prior to March 9, 1987, it is clear that Creditor was demanding prejudgment interest with respect to an interest-free period.

■ Creditor argues in its first point of error that its pleading for interest did not constitute the charging of usury as a matter of law. Creditor urges that a demand for interest at a usurious rate which is contained in a pleading should not be considered as the "charging" of usurious interest as forbidden by statute. The authority on this point is in conflict. However, for the reasons stated below, we agree with Creditor.

The principal case that might support the proposition that a pleading seeking a usurious rate of interest constitutes a *charging* of interest is *Moore v. Sabine National Bank*, 527 S.W.2d 209 (Tex.Civ.App.—Aus-

tin 1975, writ ref'd n.r.e.). In that case, the debtor attacked on appeal the trial court's conclusion that the statements contained in the creditor's notice of intention to repossess, in its original petition, and in its sequestration affidavit did not constitute the *charging* of an unearned time-price differential or finance charge. Reading articles 5069–8.01 and 5069–8.02, the appellate court found that there had been a "charging" of interest forbidden by statute and found for the debtor. *See id.* at 210–12.

However, the case appears distinguishable in that a "notice of intention to repossess" was provided to the debtor. *Id.* at 211.[2] The *Moore* opinion does not expand upon the nature of this instrument, but we consider that, in all probability, it was a non-statutory document directly served by the creditor upon the debtor prior to the filing of suit and that such writing contained a direct and unqualified demand that the debtor forthwith pay an unlawful amount of interest to the creditor upon pain of legal action if the demand were not met. Thus, it was unnecessary for the *Moore* court to address, and it apparently did not address, the precise question before us: *If a demand for interest is contained only in a pleading, does that pleading make the pleader liable for statutory penalties if the pleading seeks the recovery of interest at an unlawful rate?* We hold that it does not.

We cannot agree that a petition or other pleading constitutes a demand upon the adverse party. Although a pleading constitutes notice to the opposing party of the pleader's contentions, *Tennell v. Esteve Cotton Co.*, 546 S.W.2d 346, 356 (Tex.Civ. App.—Amarillo 1976, writ ref'd n.r.e.), it contains neither requests nor demands addressed to the opposing party. A pleading is addressed to the court; its only demand is that the court grant judgment; it demands no action whatever by the opposing party. If the debtor chooses to ignore the lawsuit, the court is still charged to exam-

---

1. There was evidence that Debtor did not even apply to the owner for payment covering the Creditor invoices until April 21, 1987, and December 1, 1987.

2. We do not address the effect of a sequestration affidavit as referred to in *Moore;* no such instrument is here involved.

ine the pleadings, often to consider evidence, and then to render judgment to the creditor-plaintiff for no more than the amount to which the creditor is lawfully entitled. Of course, the debtor defaults at his peril, but such fact does not alter the essential nature of a pleading. The demand is addressed to the court, not the debtor; the court is legally obligated, even on default, to limit its judgment to that part of the demand to which the creditor shows himself to be lawfully entitled. Thus, a request or demand contained in a pleading is wholly unlike the delivery to the debtor by the creditor of a writing in which the creditor demands or "charges" an excessive rate of interest. The distinction is critical respecting whether a usurious rate of interest has been "charged" within the meaning of the usury statutes. *See* TEX. REV.CIV.STAT.ANN. arts. 5069–1.06, 5069–8.01(a), 5069–8.02 (Vernon 1987). In distinguishing *Moore*, we note the court's finding that "appellee's *notice of intention to repossess*, its original petition, and its sequestration affidavit ... shows *a demand by appellee upon appellant to pay* [interest at an excessive rate]." *Moore*, 527 S.W.2d at 212 (emphasis added). We question whether any of the enumerated instruments other than the notice of intention to repossess showed a direct and unequivocal demand that the debtor make any payment to the creditor. *Moore* is distinguishable. At a minimum, it fails to address the turnpoint of this case.

In the cases applying *Moore*, we find no discussion of the foregoing distinction. The cases assume rather than decide that pleadings seeking excessive interest constitute the "charging" of usurious interest. Like *Moore*, they ignore the distinction between pleadings addressed to a court and writings addressed to the debtor. *See, e.g., Moore v. White Motor Credit Corp.*, 708 S.W.2d 465, 468 (Tex.App.—Dallas 1985, writ ref'd n.r.e.); *Rick Furniture Distrib. Co. v. Kirlin*, 634 S.W.2d 738, 740 (Tex. App.—Dallas 1982, writ ref'd n.r.e.); *Nationwide Fin. Corp. v. English*, 604 S.W.2d 458, 461 (Tex.Civ.App.—Tyler 1980, writ dism'd); *General Motors Acceptance Corp. v. Uresti*, 553 S.W.2d 660, 663 (Tex. Civ.App.—Tyler 1977, writ ref'd n.r.e.).

The question in hand has never been directly addressed by the Texas Supreme Court. *See Danziger v. San Jacinto Sav. Ass'n*, 732 S.W.2d 300, 305 (Tex.1987) (Gonzalez, J., concurring). That court has repeatedly held that usury statutes are penal in nature and must be strictly construed. *See Houston Sash and Door Co. v. Heaner*, 577 S.W.2d 217, 222 (Tex.1979); *First State Bank v. Miller*, 563 S.W.2d 572, 577 (Tex.1978). When there is any doubt regarding legislative intent, the usury statutes should be construed so as to give the alleged violator the benefit of that doubt. *See PJM, Inc. v. Walter Clark Advertising, Inc.*, 624 S.W.2d 282, 286 (Tex.App.—Dallas 1981, writ ref'd n.r.e.); *Hight v. Jim Bass Ford, Inc.*, 552 S.W.2d 490, 491 (Tex. Civ.App.—Austin 1977, writ ref'd n.r.e.). We decline to follow the cases holding, with little or no analysis, that demands contained in pleadings for the recovery of excessive interest trigger the penal provisions of the usury statutes.

Today's decision is consonant with the modern day theory of pleading, that a party's pleadings must be liberally construed in favor of the pleader so as to effectuate the rights of the pleader to full relief. The law of pleading, to the full extent possible, should be free of traps for the unwary. If a party is possessed of a tenable theory or tenable facts from which he may arguably assert a right to the recovery of interest, the party should be entitled to exhibit his claim to the court without being held *in terrorem*. Other provisions of the law are available to visit sanctions upon those who consume the courts' time with unfounded and frivolous claims for the recovery of interest. We decline to construe the law so as to expose a pleader to the contingency of multiple sanctions.

We hold that a demand for interest in violation of the limits fixed by the usury statutes, which demand is contained in a pleading, is not, by itself, a "charging" of interest at statutorily forbidden rates. To the extent that they hold otherwise, we overrule *Moore v. White Motor Credit*

*Corp.,* 708 S.W.2d 465 (Tex.App.—Dallas 1985, writ ref'd n.r.e.), and *Rick Furniture Distributing Co. v. Kirlin,* 634 S.W.2d 738 (Tex.App.—Dallas 1982, writ ref'd n.r.e.). We sustain Creditor's first point of error.

In its first counterpoint, Debtor maintains that the trial court's judgment should be affirmed because it was conclusively established that Creditor did not timely perform its contractual obligations. Debtor notes that when time is of the essence in a contract, a party must perform in strict compliance within the time prescribed in order to be entitled to any relief. *Neco Eng'g Co. of Texas v. Lee,* 487 S.W.2d 185, 187 (Tex.Civ.App.—Waco 1972, no writ).

■ However, the trial court concluded, among other things, that Creditor performed its contractual obligations in a timely manner and did not breach the subcontract. Furthermore, the trial court concluded that the changes and additional work performed by Creditor were accepted and ratified by Debtor, as evidenced in part by Debtor's acts of charging the owner for the work performed by Creditor and receiving payment from the owner for that work. Even if time is of the essence by express stipulation in a contract, strict performance may be waived by the party entitled to insist on it. Such waiver may be written or oral, and it may be shown by circumstances or course of dealing. *Puckett v. Hoover,* 146 Tex. 1, 6, 202 S.W.2d 209, 212 (1947); *Stevenson v. Adams,* 640 S.W.2d 681, 684 (Tex.App.—Houston [14th Dist.] 1982, writ ref'd n.r.e.). Waiver of timely performance may result from one party's express or implied assent to the continued performance of the other party without objection to the delay. *Seismic & Digital Concepts, Inc. v. Digital Resources Corp.,* 590

S.W.2d 718, 721 (Tex.Civ.App.—Houston [1st Dist.] 1979, no writ). Our review of the record indicates that some evidence supports the trial court's factual findings, and the trial court's conclusions were legally justified. We overrule Debtor's counterpoint.

We find that we need not address the remaining points raised by the parties.

We reverse the trial court's judgment and render judgment in accordance with other uncontested findings and conclusions of the trial court that Creditor recover $36,-160.90 in actual damages from Debtor, $12,000 in attorney's fees for the handling of the cause at trial, $4,000 in attorney's fees for the appeal to this Court, and $2,500 in attorney's fees if Creditor is successful in a further appeal to the Texas Supreme Court. Because the dates on which the amounts became due and payable to Creditor must be certain or definite in order to support an award of prejudgment interest, and because there was no evidence establishing those dates, we render judgment that Creditor take nothing on its claim for prejudgment interest. *See C & C Partners v. Sun Exploration & Prod. Co.,* 783 S.W.2d 707, 721 (Tex.App.—Dallas 1989, writ denied).

On the pleadings and evidence before it, the trial court should have awarded judgment to Creditor that it have interest at the statutory rate of ten percent from and after the date of the trial court's judgment (May 5, 1989). *See* TEX.REV.CIV.STAT.ANN. art. 5069-1.05, § 2 (Vernon Supp.1990). We are obligated to render the judgment that the trial court should have rendered. *See* TEX.R.APP.P. 81(c). We therefore grant judgment for interest at said rate from May 5, 1989.[3]

---

**3.** The dissent focuses upon the principle of stare decisis generally and further argues that this Court is not following the rulings of the Supreme Court.

We find no decision of the appellate courts of this state explicating upon the mechanism whereby a writing addressed to a third party and which makes no specific demand that the debtor take any action whatever can constitute the "charging" of usury, particularly in view of the well settled proposition that the usury statutes are penal and must be strictly construed.

Most certainly, neither the Supreme Court nor this Court has ever directly addressed and thereafter deliberately and expressly rejected the reasoning upon which this opinion pivots. It follows that this Court is free to make today's ruling without offending the principles of stability and predictability that are the foundation for the rule of stare decisis.

The dissent concedes that the rulings in point of the Supreme Court are dicta; it seeks to elevate them to the level of so-called "judicial dicta" which do constitute binding precedent

ENOCH, C.J., and ROWE, THOMAS, KINKEADE, OVARD and WHITTINGTON, JJ., join in this opinion.

BAKER, J., dissents, joined by WHITHAM, McCLUNG, STEWART, LAGARDE and BURNETT, JJ.

BAKER, Justice, dissenting.

I dissent. The majority departs from the doctrine of *stare decisis*.

The majority states that authority conflicts on whether a demand for usurious interest in a pleading is a "charge" of usurious interest forbidden by statute. The majority gives no hint as to where it finds the conflict. My research did not uncover any split of authority either out of this Court or among the other courts of appeals of this state which have considered the same question. The "split of authority" is an illusion which the majority employs to overrule *White Motor Credit* and *Rick Furniture*.[1] It then bolsters its departure from *stare decisis* with a prognostication of how the Texas Supreme Court will hold on further appeal of this case. The majority's reasoning springs from an illusion, only to vault toward a mirage.

The doctrine of *stare decisis* requires this Court to follow its prior decisions on this issue. Further, while the Supreme Court has avoided a direct holding on the point, it has not been silent.

First, *stare decisis* governs our determination of questions of law:

> After a principle, rule or proposition of law has been squarely decided ..., the decision is accepted as a binding precedent by the same court or other courts of lower rank when the very point is again presented in a subsequent suit between different parties.

*Swilley v. McCain*, 374 S.W.2d 871, 875 (Tex.1964). This Court has ruled on the issue of whether a pleading is a "charge." We have already considered, and rejected, the reasoning urged by the majority that a pleading cannot be a demand for usurious interest because it is addressed to the court, not the debtor. We unequivocally stated:

> We decline Rick Furniture's invitation to limit the holdings in *Moore* and *English* to those situations where a creditor makes some overt act, *outside the legal process*, to effect the collection of unearned interest. Such a course is inconsistent with the policies underlying the Consumer Credit Code and we refuse to deviate from the emerging line of authority maximizing consumer protection under the Act. Accordingly, we hold the filing of plaintiff's original petition demanding the payment of sums which included unearned time-price differential constituted a "charging" in violation of articles 5069–8.01 and 8.02.

*Rick Furniture*, 634 S.W.2d at 740 (emphasis added). We applied the rule even more forcefully in *White Motor Credit*:

> We begin our consideration of this appeal by addressing [appellee's] cross-point, which contends that as a matter of law a pleading cannot constitute a "charge" of interest within the meaning of Texas usury statutes. *This contention is without merit.*

*White Motor Credit*, 708 S.W.2d at 468 (emphasis added). Moreover, other intermediate Texas appellate courts have reached the same conclusion as this Court did in *White Motor Credit* and *Rick Furniture*.[2]

even where the statements were not necessary to the disposition of the case which spawned them. On the dissent's own authorities, statements by the Supreme Court rarely meet the test of *judicial dicta*. For a statement to constitute a *judicial dictum*, it must have been "deliberately made for the purpose of being followed" by the court below and by the bench and bar in general. *Palestine Contractors, Inc. v. Perkins*, 386 S.W.2d 764, 773 (Tex.1964). Manifestly, the Supreme Court's rulings cited by the dissent *do not* qualify as *judicial* dicta. It follows that

neither the rules of stare decisis in general nor any judicial dictum of the Supreme Court limits us from making the within decision.

**1.** *Moore v. White Motor Credit Corp.*, 708 S.W.2d 465 (Tex.App.—Dallas 1985, writ ref'd n.r.e.); *Rick Furniture Distrib. Co. v. Kirlin*, 634 S.W.2d 738 (Tex.App.—Dallas 1982, writ ref'd n.r.e.).

**2.** See *Rent America, Inc. v. Amarillo Nat'l Bank*, 785 S.W.2d 190, 196 (Tex.App.—Amarillo 1990, writ denied); *Nationwide Fin. Corp. v. English*, 604 S.W.2d 458, 461 (Tex.Civ.App.—Tyler 1980,

On appeal of those cases where an intermediate court considered the issue, the Supreme Court, with one exception, rejected each application for writ of error. (See authorities cited in notes 1 and 2.) I recognize the pitfalls in trying to glean the Supreme Court's view from an "n.r.e." or a "denied" writ history. Nonetheless, whether a pleading can be a "charge" is a threshold usury issue. Over a half-dozen opportunities to correct the error, if error there is, have been presented to the Supreme Court over the last fifteen years. A series of Supreme Courts, of varied composition, has steadfastly declined to alter a rule applied by every court of appeals which has considered the question. The majority concludes from this that the Supreme Court has simply chosen not to consider the issue. I submit one may also conclude that the Supreme Court finds no error in the rule. Even if the rule is erroneous, this Court's role in the state's jurisprudence does not allow us to make the pronouncement.

Second, although the Supreme Court has not expressly held a pleading is a "charge," it has not exactly been silent, either. The first intimation came in 1977 in *Southwestern Investment Co. v. Mannix*, 557 S.W.2d 755 (Tex.1977). The case involved multiple federal and state consumer law violations by the defendant creditor. The debtor was not in default. The creditor filed a counterclaim which sought the total payments due under its retail installment contract. The amount sought included both the unpaid balance and unearned interest. The court of appeals held that the pleading was equivalent to a prohibited acceleration of unearned interest.[3] The Supreme Court affirmed the court of appeals and said:

> While it is clear that the court of civil appeals was correct in holding that an acceleration of unearned interest upon default in the instant case would be a violation of Article 5069–8.01, which prohibits charging usurious interest, *Moore v. Sabine National Bank of Port Arthur*, 527 S.W.2d 209 (Tex.Civ.App.— Austin 1975, writ ref'd n.r.e.), we need not decide whether this counterclaim asserted by [appellant] was indeed an attempt to accelerate unearned interest inasmuch as we have already found two violations of state law.

*Mannix*, 557 S.W.2d at 765. The *Mannix* court also dwelt at length on the policies underlying the Consumer Credit Code. *Mannix*, 557 S.W.2d at 760–61. These policies form the basis behind this Court's holding in *Rick Furniture* that a pleading is a "charging" of usurious interest under the Consumer Credit Code. *Rick Furniture*, 634 S.W.2d at 740.

Next, the Supreme Court "assumed" that a "charge" of interest occurred when the usury appeared in a creditor's pleading. *Tyra v. Bob Carroll Constr. Co.*, 639 S.W.2d 690, 691 (Tex.1982). Then, in a per curiam opinion in 1984, the Supreme Court refused writ of error but expressly rejected the intermediate court's reasoning that as a matter of law a superseded pleading is not a "charging" of interest. *Petroscience Corp. v. Diamond Geophysical, Inc.*, 684 S.W.2d 668 (Tex.1984) (per curiam).

Finally, in an opinion joined by seven of the eight justices sitting, the Supreme Court again expressly cited *Moore v. Sabine National Bank*[4] for the proposition that pleadings do constitute a "charging" of interest:

> A unilateral act of charging occurs if the creditor enters a usurious amount of interest on a statement of account; *affidavits and pleadings;* demand letters; or monthly statements.... A usurious

writ dism'd); *Carr Well Service, Inc. v. Skytop Rig Co.*, 582 S.W.2d 500, 503 (Tex.Civ.App.—El Paso 1979, writ ref'd n.r.e.); *General Motors Acceptance Corp. v. Uresti*, 553 S.W.2d 660, 663 (Tex.Civ.App.—Tyler 1977, writ ref'd n.r.e.); *Southwestern Inv. Co. v. Mannix*, 540 S.W.2d 747, 749 (Tex.Civ.App.—Waco 1976), *aff'd o.g.*, 557 S.W.2d 755 (Tex.1977); *Moore v. Sabine Nat'l Bank of Port Arthur*, 527 S.W.2d 209, 212 (Tex.Civ.App.—Austin 1975, writ ref'd n.r.e.).

3. *Southwestern Inv. Co. v. Mannix*, 540 S.W.2d 747, 749 (Tex.Civ.App.—Waco 1976), *aff'd o.g.*, 557 S.W.2d 755 (Tex.1977).

4. *Moore v. Sabine Nat'l Bank*, 527 S.W.2d 209, 212 (Tex.Civ.App.—Austin 1975, writ ref'd n.r. e.).

charge may be contained in an invoice, a letter, a ledger sheet or other book or document. The basis of the action is a claim or demand for usury made by the creditor and the vehicle for the claim or demand is immaterial except as an evidentiary fact.

*Danziger v. San Jacinto Sav. Ass'n,* 732 S.W.2d 300, 304 (Tex.1987) (citations omitted, emphasis added).

As Justice Gonzalez observed in a concurrence in which no other justice joined, the Supreme Court's pronouncement in *Danziger* is dictum: it did not rely on the rule in reaching its decision. *Danziger,* 732 S.W.2d at 305. But the pronouncement is judicial dictum, rather than *obiter dictum,* and this Court must follow it. Moreover, the statements made in *Tyra* and *Petroscience Corp.* are also considered judicial dicta rather than mere *obiter dicta. See Parker v. Bailey,* 15 S.W.2d 1033, 1035 (Tex.Comm.App.1929, holding approved); *Thomas v. Meyer,* 168 S.W.2d 681, 685 (Tex.Civ.App.—San Antonio 1943, no writ).

Inferior courts are bound by a decision on a question actually determined by a higher appellate court even though the decision was not necessary to the determination of the case. Judicial dictum has a different effect on an intermediate appellate court than it has on the higher court which issued it. The Supreme Court is free to disregard its own judicial dictum. We are not. *Valmont Plantations v. State,* 163 Tex. 381, 355 S.W.2d 502, 503 (1962).

The majority's statement in *Danziger* on the very point in issue here and its rare pronouncement upon its "n.r.e." of *Petroscience Corp.* were "deliberately made for the guidance of the bench and bar upon a point of statutory construction." *Thomas,* 168 S.W.2d at 685. We must give great weight to these declarations. We cannot disregard policy statements of the Supreme Court unless there is an extraordinary reason for doing so. *Parker,* 15 S.W.2d at 1035; *Thomas,* 168 S.W.2d at 685. I do not believe that an extraordinary reason exists here to ignore the Supreme Court's direction in *Tyra, Petroscience Corp.,* and *Danziger.* Nor does the case

present any reason to overrule this Court's prior decisions. The majority engages in judicial activism at its most suspect—lower court judicial activism. I cannot agree.

For these reasons, I dissent from the majority's conclusion that pleadings alone do not constitute a "charge" of unlawful interest.

WHITHAM, McCLUNG, STEWART, LAGARDE and BURNETT, JJ., join in this dissenting opinion.