

# Fourth Court of Appeals
## San Antonio, Texas

### DISSENTING OPINION

No. 04-13-00050-CV

**IN RE CMH HOMES, INC.** and Vanderbilt Mortgage and Finance, Inc.

Original Mandamus Proceeding[1]

Opinion by: Karen Angelini, Justice
Dissenting Opinion by: Rebeca C. Martinez, Justice

Sitting: Karen Angelini, Justice
Rebeca C. Martinez, Justice
Luz Elena D. Chapa, Justice

Delivered and Filed: June 5, 2013

The majority decides that based on an irrebuttable presumption of shared confidences, Carrillo's representation of Duval County in its suit against CMH Homes requires that Rumley and Gutierrez (the "Firms") also be disqualified. The majority opinion relies on two premises: that Carrillo's name appearing on a pleading and/or motion constitutes evidence of representation adverse to his former client, and that an irrebuttable presumption applies to disqualify any firm appearing as co-counsel of record along with a disqualified attorney. Because I believe that the majority fails to properly analyze the law governing disqualification, I respectfully dissent.

---

[1] This proceeding arises out of Cause No. DC-12-09, styled *Duval County, Texas v. Vanderbilt Mortgage and Finance, Inc., CMH Homes, Inc., Bruce Robin Moore, Jr., and Benjamin Joseph Frazier*, pending in the 229th Judicial District Court, Duval County, Texas, the Honorable Ana Lisa Garza presiding.

### *Mandamus Standard of Review*

As a preliminary matter, I note we are required to afford the trial court deference when fact determinations are made below, as they were in this case. In reviewing the trial court's resolution of factual issues or matters committed to its discretion, we may not substitute our judgment for that of the trial court. *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992) (orig. proceeding). Thus, we cannot set aside the trial court's finding unless it is clear from the record that the trial court could have reached only one decision. *In re Nitla S.A. de C.V.*, 92 S.W.3d 419, 422 (Tex. 2002) (orig. proceeding) (per curiam). Even if we would have decided the issue differently, we cannot disturb the trial court's decision unless it is shown to be arbitrary and unreasonable. *Walker*, 827 S.W.2d at 840.

### *"Representation"*

Initially, I disagree with the majority's conclusion that Carrillo represented Duval County in a matter adverse to CMH. Rule 1.09(a) provides that it is improper for a lawyer who formerly represented a client in a matter from later *representing* another person in a matter adverse to the former client if there is a reasonable probability that confidential information will be revealed or if it is the same or a substantially related matter. *See* TEX. DISCIPLINARY R. PROF'L CONDUCT 1.09(a). The record before us contains no evidence of a contract between Carrillo and Duval County creating an attorney-client relationship mutually intended to pursue the client's claims against CMH. *See Vinson & Elkins v. Moran*, 946 S.W.2d 381, 405 (Tex. App.—Houston [14th Dist.] 1997, writ dism'd by agr.) (attorney-client relationship is contractual). Nor is there any evidence in the record of a "mutual meeting of the minds" between Carrillo and Duval County implying an attorney-client relationship with respect to the CMH litigation. *See Tanox, Inc. v. Akin, Gump, Strauss, Hauer & Feld, LLP*, 105 S.W.3d 244, 254 (Tex. App.—Houston [14th

Dist.] 2003, pet. denied) (attorney-client relationship may be implied where there is a meeting of the minds to form such a relationship). Instead, the majority heavily relies on the fact that Carrillo, in his role as the elected County Attorney,[2] negotiated on behalf of Duval County a contract retaining the Firms to pursue Duval County's claims against CMH.[3] In disregard of the trial court's findings, the majority emphasizes this negotiation alone as evidence that Carrillo was "representing [Duval County] in a matter adverse to [CMH]." It further states that Carrillo failed to show he did not know his name was included as attorney of record on the Original Petition filed by the Firms.

While hesitant to adopt Relators' proposition urged at oral argument that the listing of Carrillo's name on the original petition and his motion to withdraw constitute a "judicial admission" of representation, the majority opinion explicitly concludes that Carrillo's name appearing as attorney of record and signature on his motion constitute significant evidence from which the trial court could only find he represented the County. I disagree that Carrillo's appearance on the Original Petition or signature on the motion to withdraw is conclusive evidence of representation. First, pleadings are not evidence, even when verified. *See Laidlaw Waste Sys. (Dallas), Inc. v. City of Wilmer*, 904 S.W.2d 656, 660 (Tex. 1995). Second, there is no authority for the proposition that a signature on a motion constitutes a judicial admission. To

---

[2] The majority fails to recognize the distinction between government lawyer and private lawyer and the troubling impact its holding will effectively have on governmental employees, such as county attorneys and prosecutors, who are statutorily allowed to practice law while performing a role in government. *See generally* Scott A. Durfee, *Guessing Game: Government Lawyers and Their Relationship to the Disciplinary Rules*, 55 THE ADVOCATE 41 (2011); *see also* TEX. DISCIPLINARY R. PROF'L CONDUCT preamble ¶ 13 (emphasis added) ("The responsibilities of government lawyers, under various legal provisions, including constitutional, statutory and common law, may include authority concerning legal matters that ordinarily reposes *in the client* in private client-lawyer relationships.").

[3] The majority concludes that in the act of embarking on negotiations with the Firms, Carrillo acted adverse to his former client CMH, "and the presumption attached." This is confusing, since a presumption of shared confidences "arises" from the attorney-client relationship between the client (the County) and its attorney (Carrillo), and does not "attach" to *create* an attorney-client relationship between the County and Carrillo from Carrillo's acts [negotiating] with a third party (the Firms).

the contrary, the signature of an attorney is not the equivalent of a verification. *See In re Valliance Bank,* No. 02-12-00255-CV, 2012 WL 5512455, at *3 (Tex. App.—Fort Worth Nov. 15, 2012, orig. proceeding) (noting that attorney's signature on motion merely certifies that he has read the document and that to the best of his knowledge, information, and belief the instrument is not groundless and not brought in bad faith or for the purpose of harassment; signature does not represent the facts to be true and based upon personal knowledge); *Luxenberg v. Marshall*, 835 S.W.2d 136, 140 & n.3 (Tex. App.—Dallas 1992, orig. proceeding); *see also* TEX. R. CIV. P. 13. The motion to withdraw[4] was not an admission that Carrillo represented Duval County in this matter, but a mere formality required of Carrillo upon discovering that his name was listed on the pleadings unbeknownst to him. *See Carpet Services, Inc. v. George A. Fuller Co. of Tex., Inc*., 802 S.W.2d 343, 344-45 (Tex. App.—Dallas 1990), *aff'd*, 823 S.W.2d 603 (Tex. 1992) (pleading is addressed to the court and party should be free to address court "without being held *in terrorem*"). The leap taken to reach the conclusion of "representation" is no less long than the leap taken to determine that Carrillo was "associated with" the Firms.

*Association*

Having "presumed" that Carrillo represented the County in its suit against CMH, the majority next relies solely on a definition from Webster's Dictionary to hold that Carrillo was "associated" with the Firms. *See* TEX. DISCIPLINARY R. PROF'L CONDUCT 1.09(b) ("[W]hen lawyers are or have become members of or associated with a firm, none of them shall knowingly represent a client if any one of them practicing alone would be prohibited from doing so by

---

[4] Although Carrillo's name is listed on the Original Petition, CMH did not file its motion to disqualify until after Carrillo filed his motion to withdraw. CMH then argued to the trial court that since Rule 13 mandates "substantive consultations" between co-counsel prior to filing suit, "surely" Carrillo shared confidential information with the Firms and that Carrillo "agreed to work in concert with" the Firms. Presumably, the majority recognizes that Rule 13 is inapposite since Carrillo's name and signature (as Duval County Attorney) appear only on his motion to withdraw.

paragraph (a)).” The majority conclusively holds that “any lawyer with which Carrillo is associated” is disqualified, extending to those “closely connected (as in function or officer) with another.” This would necessarily include the Firms, the majority reasons, since presumably they are individuals “working together on a case or issue *regardless of their actual status* as a member of the firm, of-counsel or *co-counsel*” and, to hold otherwise would conflict with “the plain and common meaning of ‘associate with.’” By the majority’s own reasoning, it would logically follow that “association” would be determined by whether Carrillo and the Firms “worked together on a case or issue,” regardless of whether they were listed as “co-counsel.” Again, failing to defer to the trial court’s findings, the majority applies an irrebuttable presumption where none is recognized.

An irrebuttable presumption is recognized to address a client’s possible concerns that its lawyer may share its confidences with another which cannot be readily proven. *See In re EPIC Holdings, Inc.*, 985 S.W.2d 41, 49 (Tex. 1998) (orig. proceeding). Here, no argument is made, nor does the majority address, the need to protect a reasonable concern by a party seeking disqualification that it would be unable to prove whether confidences were disclosed. The Texas Supreme Court has not recognized an irrebuttable presumption of client confidences between co-counsel. In *In re American Home Products*, the Court applied a rebuttable presumption, placing the burden on the “party seeking disqualification [to] first demonstrate that there were ‘substantive’ conversations between disqualified counsel and co-counsel, joint preparation for trial by those counsel, or the apparent receipt by co-counsel of confidential information.” *In re American Home Products Corp.*, 985 S.W.2d 68, 81 (Tex. 1998) (orig. proceeding). Relying on *In re American*, CMH sought to discover whether Carrillo and the Firms jointly prepared for trial or had “substantive” discussions regarding the case, but failed to present the trial court with more

than speculation.[5] *Id*. (discovery available "without inquiring into the substance of the work that has been done or of discussions between co-counsel").

In conclusion, the issue of whether Carrillo represented the County is a question of fact. I believe the majority substitutes its findings for that of the trial court. We must give deference to the trial court's explicit findings of fact on the issues of representation and disclosure. More importantly, mandamus is not appropriate where the trial court did not clearly abuse its discretion or commit clear and prejudicial error in law. *See Walker*, 827 S.W.2d at 839. The record does not reflect that Carrillo represented the County in its suit against CMH or that Carrillo shared confidential information with the Firms. Even assuming the trial court erred in finding to the contrary, there is no precedent recognizing an irrebuttable presumption of shared confidences between co-counsel. Therefore, I cannot agree that the trial court abused its discretion in denying the motion to disqualify Rumley and Gutierrez. Accordingly, I would deny the petition for writ of mandamus.

Rebeca C. Martinez, Justice

---

[5] Relators fail to present any evidence to substantiate their assertions that Carrillo "surely had substantive consultations with them prior to withdrawing;" that Carrillo "agreed to work in concert with" the Firms; that Carrillo "join(ed) his prior counsel to sue his former client;" and that Carrillo and the Firms "in all likelihood" entered into a contingency contract. CMH posited that a contingency contract was negotiated, but offered no discoverable evidence of a written agreement signed by the County authorizing joint representation between Carrillo and the Firms. *See* TEX. DISCIPLINARY R. PROF'L CONDUCT 1.04(d), 1.04(f)(1)-(2) (client must consent in writing to the terms of an arrangement for the division of a fee between lawyers who are not in the same firm).