**VAN WAGNER v. KRUSE.**

No. 2734.

Court of Civil Appeals of Texas. Eastland.

June 17, 1949.

John Dawson, Sinton, for appellant.

W. B. Moss, Sinton, James L. Lattimore, Corpus Christi, for appellee.

LONG, Justice.

Plaintiff F. Van Wagner instituted this suit against defendant Opal Kruse to establish and foreclose a judgment lien against a lot located in the town of Mathis on which was situated a garage and filling station. The defendant Opal Kruse impleaded the surviving wife and children of Dink Stone, deceased, alleging that she acquired the

property from Dink Stone by general warranty deed and praying that she have judgment over and against said interpleaded defendants for any judgment that might be recovered against her. All defendants alleged that the property in question was the separate property of Mrs. Stone and that it constituted the business homestead of Dink Stone. A trial was had before the court without a jury and judgment was entered in favor of the defendants. Plaintiff has appealed.

By his first point, plaintiff says that the undisputed evidence showed the property to be community property of Dink Stone and wife, and not the separate property of the wife.

■ The trial court did not file findings of fact and conclusions of law. Under such circumstances it is our duty to resolve all questions of fact having support in the evidence in such a way as to support the judgment.

The evidence discloses that Dink Stone and J. G. Haley built the building in question in 1925, and thereafter operated a garage in said building as partners until 1931. On October 24, 1931, Stone and Haley conveyed the property to Molly Wood. On July 23, 1932, Molly Wood conveyed the property to Izora Stone and Nettie Haley, wives of Dink Stone and J. G. Haley, said deed reciting that it was "for the use and benefit of their respective separate estates and as their separate property."

J. G. Haley testified that the deed from Molly Wood to his wife and Izora Stone was made under the direction of and at the request of himself and Dink Stone. This testimony is undisputed. It is further in evidence that at the time the property was acquired in 1925, Dink Stone was the head of a family; that in 1931 the building burned and that it was thereafter rebuilt, a portion of which was used as a filling station by the Magnolia Petroleum Company; and that Stone and Haley continued as partners, operating a garage in the building until 1937, when the partnership was dissolved; that Stone then went into the real estate business and maintained his office in a portion of the building, the remainder being rented to other people; that Stone maintained his office there continuously until the property was conveyed to Opal Kruse in 1944.

■ On the 14th day of September, 1939, the plaintiff F. Van Wagner obtained a judgment against Dink Stone in the County Court of San Patricio in the sum of $303.90; that thereafter, on the 3rd day of September, 1940, an abstract of said judgment was duly filed according to law in the office of the County Clerk of said County. It is our opinion that the evidence raised an issue of fact as to whether the property involved was the separate property of Mrs. Stone. We have concluded that the statement in the deed from Molly Wood to Mrs. Stone and Mrs. Haley "for the use and benefit of their respective separate estates and as their separate property", together with the testimony of Mr. Haley that the deed was made to Mrs. Stone and Mrs. Haley under the direction of Haley and Dink Stone, was sufficient evidence to support the trial court's presumed finding that the property was the separate property of Mrs. Stone. Pointer v. Pointer, Tex.Civ.App., 197 S.W.2d 504; Bray v. Bray, Tex.Civ.App., 28 S.W.2d 205; 23 Tex.Jur.Sec. 129; Armstrong v. Turbeville, Tex.Civ.App., 216 S.W. 1101; 23 Tex.Jur., 70, 71, 159.

■ The evidence shows that Dink Stone was having financial difficulties at the time the deeds were made from Stone and Haley to Molly Wood and from Molly Wood to Mrs. Stone and Mrs. Haley, but the creditors cannot complain even though it might be determined that the deeds were made for the purpose of defrauding or placing the property beyond the reach of creditors, for the reason that the trial court presumably found that at the time said deeds were executed the property was the business homestead of Dink Stone and therefore same was not subject in any way to the debts of Dink Stone. Speer on Marital Relations, Sec. 146, 407, 495; 20 Tex.Jur., 381, 382.

■ The property being the separate property of Mrs. Stone, plaintiff was not entitled to establish or foreclose his judgment lien thereon.

Under the view we take of this case, it is not necessary to pass upon the other question, that is, whether the property was the business homestead of Dink Stone at the time the abstract of judgment was filed in San Patricio County.

The judgment is affirmed.