**FIRST NATIONAL BANK AT LUBBOCK, et al., Appellants,**

v.

**JOHN E. MITCHELL COMPANY, Appellee.**

**No. 07–85–0164–CV.**

Court of Appeals of Texas, Amarillo.

March 31, 1987.

Rehearing Denied April 27, 1987.

---

Cecil Kuhne, James L. Gorsuch, Crenshaw, Dupree & Milam, Lubbock, for appellants.

John Steven Dwyer, Lubbock, John M. Phalen, Phalen, Chumlea & McQuality, Dallas, for appellee.

Before REYNOLDS, C.J., and DODSON and COUNTISS, JJ.

COUNTISS, Justice.

This is a suit to remove a cloud on the title to real property. Appealing from a take nothing judgment, appellants First National Bank of Lubbock, Marvin McLarty, Jr. and Dorothy McLarty (hereafter collectively "the Bank", unless otherwise indicated) contend the evidence is legally and factually insufficient to support the verdict and also contend the jury's findings are in irreconcilable conflict. Appellee John E. Mitchell Company ("the Company"), after responding to the Bank's points, advances three cross-points, contending it was entitled to recover attorney's fees and obtain jury findings on various issues under section 24.02 of the Texas Business & Commerce Code, and arguing that the McLartys are not before us because they did not perfect their appeal. We reverse and remand.

In 1975, Jesse and Betty Shaw purchased a house and lot in Lubbock. They subsequently moved into the house and claimed the property as their homestead. In September of 1979, the Company took a default judgment against Jesse Shaw for over $46,000.00 plus attorney's fees, interest and costs, and abstracted the judgment in Lubbock County in October of that same year. On May 4, 1982, the Shaws sold the property to the Bank and in February of 1983, the Bank sold the property to the McLartys. The Bank and the McLartys then brought this suit to remove the cloud on the title caused by the Company's abstracted judgment. The Company responded with various defensive pleadings, including allegations that the Shaws abandoned their homestead before the property was sold to the Bank and the sale was an attempt to defraud creditors. The Company also alleged a counterclaim that is not material here, and asked for attorney's fees.

The case was submitted to the jury on two special issues. The pertinent parts of the issues, and the jury's findings, are as follows:

### SPECIAL ISSUE NO. 1

Do you find from a preponderance of the evidence that from the period of November, 1978 to May 4, 1982 that the property located at 3312 24th Street was the homestead of Jesse and Betty Shaw?

\* \* \* \* \* \*

ANSWER "YES" OR "NO."

ANSWER: Yes.

If you have answered Special Issue No. 1 "Yes," then answer Special Issue No. 2; otherwise do not answer Special Issue No. 2.

### SPECIAL ISSUE NO. 2

Do you find from a preponderance of the evidence that during the period from November, 1978 to May 4, 1982 that Jesse and Betty Shaw abandoned the property at 3312 24th Street as their homestead?

\* \* \* \* \* \*

ANSWER "YES" OR "NO."

ANSWER: Yes.

In this Court, the Bank attacks the evidentiary support for the jury's answer to special issue number two, by its first two points. It then contends, by its third point, that the answers to issues one and two are in such irreconcilable conflict that a judgment cannot be written in the case. We agree with the Bank that the special issues are in irreconcilable conflict, and that a judgment cannot be written from the jury's findings. That conclusion, discussed more fully below, renders unprofitable a meaningful discussion of the Bank's factual and legal sufficiency points. We make the fol-

lowing observation, however, for the benefit of counsel upon retrial. If we were passing on the legal and factual sufficiency of the evidence to support a finding that the Shaws had abandoned the property as their homestead at the time when they sold it to the Bank,[1] we would conclude, applying the review standards of *Garza v. Alviar*, 395 S.W.2d 821, 823 (Tex.1965), that there was some evidence of abandonment,[2] thus foreclosing rendition of judgment for the Bank by this Court. Applying the review standard of *In re King's Estate*, 150 Tex. 662, 244 S.W.2d 660, 661–62 (1951), however, we would further conclude that the evidence was factually insufficient to support such a finding, and would remand the case for new trial, as we are doing by sustaining the third point.

When a court must decide whether jury findings are in conflict, the threshold question is whether the findings pertain to the same material fact. *Pearson v. Doherty*, 143 Tex. 64, 183 S.W.2d 453, 455 (1944). If they do, the court must then determine whether they can be reconciled. *Little Rock Furniture Mfg. Co. v. Dunn*, 148 Tex. 197, 222 S.W.2d 985, 989 (1949). Apparent conflicts must be reconciled if it is possible to do so, taking into consideration the pleadings, evidence, manner of submission and other findings. *Ford v. Carpenter*, 147 Tex. 447, 216 S.W.2d 558, 562 (1949). Thus, if the issues can be given more than one reasonable construction, that which avoids a conflict in the answers is usually adopted. *See Merritt v. King*, 66 S.W.2d 464, 466 (Tex.Civ.App.—Texarkana 1933, writ ref'd). The rule was well summarized in *Bender v. Southern Pac. Transp. Co.*, 600 S.W.2d 257, 260 (Tex. 1980): "We do not determine whether the findings may reasonably be viewed as conflicting; to the contrary, the question is

---

1. If this case is tried to a jury again, the jury should be asked whether the Shaws had abandoned the property as their homestead at the time when they sold it to the Bank. It would also be helpful to know the date of any abandonment.

2. Prior testimony of Shaw, admitted without restriction or objection, is the source of the only

evidence we find in this record of abandonment during the critical time:

Q. Back to my question. At the time in May of 1982 or before that, you had a present and permanent intent to cease to use the property at 3312–24th Street for homestead purposes, is that correct?

A. Yes, sir.

whether there is any reasonably possible basis upon which they may be reconciled."

■ We have applied the foregoing principles to the issues in question here. We cannot, however, rescue the verdict. Initially, we note that the two special issues pertain to the same material fact, the Shaws' homestead. By the first issue, the jury found that the property was the Shaws' homestead *"from* . . . November, 1978 *to* May 4, 1982" (emphasis added), the latter date being when the property was conveyed to the Bank. The jury then found that *"during* . . . November, 1978 to May 4, 1982 . . . Jesse and Betty Shaw abandoned the property . . . as their homestead." (emphasis added).

The second finding is in direct conflict with the first finding. The property could not have been the Shaws' homestead from 1978 to 1982 and have been abandoned as homestead during the same time. We have applied all of the tests set out above, but we still reach the inevitable conclusion that there is not a reasonably possible basis upon which the issues can be reconciled. Because they are irreconcilable, it is impossible to write a meaningful judgment. As pointed out in *Pearson v. Doherty, supra* 183 S.W.2d at 455, "there is no priority of findings, either in degree or importance, and where two findings with respect to a material fact are such that both cannot be true, then neither can stand." Point of error three is sustained.

The Company also advances three cross-points. By its third cross-point, it contends the McLartys are not before us because of defects in their appeal bond. We rejected that contention earlier, when the Company raised it by motion, and we see no reason to change our ruling. The appeal bond was amended in a manner consistent with Rules 356 and 363a of the Texas Rules of Civil Procedure, as they read at times pertinent here.[3] We remain satisfied that we have jurisdiction of the McLartys' appeal. Accordingly, cross-point three is overruled.

■ By its first cross-point, the Company says the trial court erred in concluding it did not have authority to award attorney's fees to the Company, as the defendant, under the Uniform Declaratory Judgment Act, Tex.Rev.Civ.Stat.Ann. art. 2524–1 (repealed),[4] even though it was the winning party. The statute in question permits the trial court to award attorney's fees "as may seem equitable and just." The Texas Supreme Court has held that an award of attorney's fees under the statute "lies within the discretion of the trial court, and its judgment will not be reversed on appeal absent a clear showing that it abused that discretion." *Oake v. Collin County,* 692 S.W.2d 454, 455 (Tex.1985). That principle was applied in an earlier case, *District Judges v. Com'rs Court of Collin,* 677 S.W.2d 743, 746 (Tex.App.— Dallas 1984, writ ref'd n.r.e.), where the Dallas Court of Appeals approved an award of attorney's fees to several defendants in a declaratory judgment suit, even though the defendants were the losing parties in the case. Thus, it is apparent that the courts have given a broad construction to the "equitable and just" language of the statute. We agree with, and adopt, that construction. Upon retrial, the trial court may award attorney's fees to either party as it sees fit, so long as it does not abuse its discretion. Cross-point one is sustained.

■ By its second cross-point, the Company contends it was entitled to special issues supportive of its pleaded contention that the sale by the Shaws to the Bank was intended to delay or hinder creditors in violation of section 24.02 of the Texas Business and Commerce Code. The evidence discloses the conveyance, but discloses no other act by the Shaws that could be construed as an attempt to defraud creditors. The act of homestead conveyance, standing alone, is not enough to raise a fact issue under section 24.02. *See Van Wagner v. Kruse,* 221 S.W.2d 787 (Tex.Civ.App.— Eastland 1949, no writ). Thus, the trial court correctly refused the issues, for lack

---

3. Now, see Tex.R.App.Proc. 40(a), 41(a), and 46(f).

4. Now, see Tex.Civil Practice & Remedies Code Ann. ch. 37 (Vernon 1986).

of an evidentiary foundation. Cross-point two is overruled.

The judgment of the trial court is reversed and the case is remanded for new trial.