GEORGE A. FULLER COMPANY
OF TEXAS, INC., Petitioner,

v.

CARPET SERVICES, INC., Respondent.

No. D–0791.

Supreme Court of Texas.

Jan. 29, 1992.

Luke Madole, Dallas, John C. Hayes, Jr., Washington, D.C., for petitioner.

Robert E. Hager, David M. Berman, Dallas, for respondent.

## OPINION

COOK, Justice.

This case presents the question whether a pleading containing a claim for usurious interest is a document which may charge interest for purposes of imposing usury penalties. We hold that a pleading asserting a claim for prejudgment interest for a period when no interest is due does not constitute a "charge" of usurious interest for purposes of the Texas usury statute.

Carpet Services, Inc. was a sub-contractor of the George A. Fuller Company of Texas, Inc. on a commercial construction project. After Fuller refused to pay for work completed by Carpet Services, Carpet Services sued for breach of contract. In its original petition, Carpet Services pleaded for prejudgment interest on a portion of the contract debt for a period before the debt was due. The contract between Carpet Services and Fuller provided that payment by Fuller was conditioned on payment of Fuller by the owner. Under the contract between Carpet Services and Fuller, Carpet Services would not be entitled to payment or interest until after Fuller was paid by the owner. Carpet Services pleaded for prejudgment interest for a period commencing before the owner paid Fuller part of the contract debt.

The trial court found that Carpet Services' petition constituted a usurious charge of interest in excess of twice the legal rate since it demanded interest for a period be-

fore a portion of the amounts claimed became due and payable under the contract. Any interest charged in an interest-free period is in excess of twice the legal rate of zero. Carpet Services alleged a legal rate of interest under Texas usury laws. The interest was just claimed for an improper period. The trial court also determined that the charge was not the result of a bona fide error or accident. That court rendered judgment that Carpet Services forfeit all principal, interest, and other charges and imposed the statutory minimum penalty of $2,000.

The court of appeals reversed the judgment of the trial court and held that a demand for usurious interest in a pleading is not a usurious charge of interest. 802 S.W.2d 343. We affirm the judgment of the court of appeals.

Articles 5069–1.06(1), (2) of the Texas Civil Statutes provide penalties for "[a]ny person who contracts for, charges or receives interest which is" greater than a lawful amount. Tex.Rev.Civ.Stat.Ann. art. 5069–1.06(1), (2) (Vernon 1987). The key word for purposes of this case is "charge" since there was not an improper contract for interest nor was interest received.

■ When interpreting the meaning of 'charge' in article 5069–1.06, we look first to the language of the statute. Article 5069–1.06 does not state what constitutes a charge of interest. The application of article 5069–1.06 is clarified, however, by the declaration of legislative intent that accompanied the statute. The declaration of legislative intent provides that:

It is the intent of the Legislature in enacting this revision [of the statute on interest] to protect the citizens of Texas from abusive and deceptive practices now being perpetrated by unscrupulous operators, lenders and vendors in both cash and credit consumer transactions

... and thus serve the public interest of the people of this State.

Act of May 23, 1967, 60th Leg., R.S., ch. 24, § 1, 1967 Tex.Gen.Laws 609. There is no indication in the statement of legislative purpose that the legislature intended that the usury laws be applied to pleadings. Therefore, neither the statute nor the statement of legislative intent mandates a holding that pleadings can constitute a charge of interest.

This Court has never addressed the issue whether pleading usurious prejudgment interest can be a charge.[1] *See Danziger v. San Jacinto Sav. Ass'n,* 732 S.W.2d 300, 305 (Tex.1987) (Gonzalez, J., concurring) (whether pleadings *alone* can constitute a charge of usurious interest is an open question); *Petroscience Corp. v. Diamond Geophysical, Inc.,* 684 S.W.2d 668, 668 (Tex. 1984) (left intact ruling of court of appeals that a pleading is not a charge of usurious interest and affirmed on other grounds); *Tyra v. Bob Carroll Constr. Co.,* 639 S.W.2d 690, 691 (Tex.1982) (*assumed* that a pleading was a charge of interest and found that there was a bona fide error which prevented penalties for usury).

The question whether a pleading can charge interest was addressed in *Moore v. Sabine National Bank,* 527 S.W.2d 209 (Tex.Civ.App.—Austin 1975, writ ref'd n.r.e.). In that case, the court of appeals held that the statements contained in Sabine National Bank's notice of intention to repossess, its original petition, and its sequestration affidavit constituted a usurious charge within the meaning of articles 5069–8.01 and 5069–8.02.[2] *Id.* at 211. Subsequent cases interpreting *Sabine National Bank* have held that merely filing a pleading asserting usurious interest constitutes a usurious charge. *See, e.g., Butler v. Holt Machinery Co.,* 741 S.W.2d 169 (Tex. App.—San Antonio 1987, writ denied); *Moore v. White Motor Credit Corp.,* 708 S.W.2d 465, 468 (Tex.App.—Dallas 1985,

---

1. The court is only faced with the question of claims for prejudgment interest. We do not address the question presented by pleadings that claim other types of interest based on underlying documents that are usurious.

2. Articles 5069–8.01 and 5069–8.02 apply to consumer credit. Article 5069–1.06 applies to any transaction involving interest. The relevant language of articles 5069–8.01 and 5069–8.02 is the same as the relevant language of article 5069–1.06.

writ ref'd n.r.e.); *Nationwide Finance Corp. v. English,* 604 S.W.2d 458 (Tex.Civ. App.—Amarillo 1980, writ dism'd); *General Motors Acceptance Corp. v. Uresti,* 553 S.W.2d 660, 663 (Tex.Civ.App.—Tyler 1977, writ ref'd n.r.e.).

However, on the facts, *Sabine National Bank* is distinguishable from *Fuller.* Carpet Services only pleaded for usurious prejudgment interest. In contrast, Sabine National Bank sent the debtor a notice of intention to repossess in addition to the pleadings. The *Sabine National Bank* court was not faced with the question whether a demand for prejudgment interest in pleadings alone is sufficient to be a charge of interest. The courts of appeals that have cited *Sabine National Bank* for the proposition that a pleading is a charge of interest did not consider the fact that, in addition to the pleading, a notice of intention to repossess was sent to the debtor. Therefore, the court of appeals properly held that *Sabine National Bank* does not support the proposition that a pleading for usurious prejudgment interest, by itself, can constitute a charge of interest within the meaning of article 5069–1.06.

Fuller argues that a pleading must be included within the meaning of the term "charge" because it has a very broad meaning, as seen in *Danziger* and *Hagar v. Williams,* 593 S.W.2d 783 (Tex.Civ.App.— Amarillo 1979, no writ). We disagree with Fuller's broad interpretation of these cases. In *Danziger,* we noted that "[a] usurious charge may be contained in an invoice, a letter, a ledger sheet or other book or document. The basis of the action is a claim or demand for usury made by the creditor and the vehicle for the claim or demand is immaterial except as an evidentiary fact." 732 S.W.2d at 304. However, we were not faced with and did not address whether pleadings could charge interest. Today, we address that question.

In *Hagar,* the Amarillo Court of Appeals held that the term 'charge' as used in the usury statute means "unilaterally placing on an account an amount as interest." 593 S.W.2d at 788. The *Hagar* court interpreted this to mean that usury penalties could be imposed even though the creditor gave no notice of the charge or demand for payment. Although a charge is unilateral, as opposed to by agreement, it still must be communicated outside the organization making the charge to be a charge within the meaning of article 5069–1.06. Therefore, we disapprove of *Hagar* to the extent that it holds that the term 'charge' includes unilaterally placing on an account an amount due as interest without any other action. A charge must be communicated to the debtor. The communication need not be direct, as long as the charge is ultimately demanded from the debtor.

Usury statutes are designed to correct abusive practices in consumer and commercial credit transactions, not to serve as a trap for the unwary pleader in a court proceeding. Pleadings serve to give a party notice of the issues at trial. *Murray v. O & A Express, Inc.,* 630 S.W.2d 633 (Tex. 1982). Pleadings are addressed to the court, and only demand that the court grant judgment. There is no demand on the opposing party. *See Fibergrate Corp. v. Research–Cottrell, Inc.,* 481 F.Supp. 570, 572 (N.D.Tex.1979).

■ The unique nature of pleadings is particularly significant in this case since the interest claimed is prejudgment interest. A claim for prejudgment interest arises from the judicial process rather than directly from a commercial or consumer transaction. Prejudgment interest serves to compensate the plaintiff for the delay between the plaintiff's injury and payment for that injury. *See Republic National Bank of Dallas v. Northwest National Bank of Fort Worth,* 578 S.W.2d 109, 116 (Tex.1979). Prejudgment interest arises only in the context of court proceedings and can only be obtained by court order. Pleadings that allege prejudgment interest in excess of the lawful rate are best dealt with in the context of the judicial process that the pleadings are part of rather than through the Texas usury laws. *See Gibralter Savings v. LDBrinkman Corp.,* 860 F.2d 1275, 1296 (5th Cir.1988), *cert. denied,* 490 U.S. 1091, 109 S.Ct. 2432, 104 L.Ed.2d 988 (1989); *Fibergrate,* 481

F.Supp. at 572. The judicial process provides an array of protections to a party to a suit that are not available in commercial or consumer credit transactions.

The wrongs that the legislature sought to correct by enacting article 5069–1.01 et seq. are not present when a party makes a demand for prejudgment interest in a pleading. Therefore, we hold that a demand for prejudgment interest contained in a pleading does not make a pleader liable for statutory usury penalties if the pleading seeks the recovery of unlawful prejudgment interest.

We affirm the judgment of the court of appeals.

MAUZY, J., concurs.

DOGGETT, J., not sitting.

MAUZY, Justice, concurring.

While I concur in the result the court reaches today, I cannot join in all parts of the court's opinion. Instead of confining itself to the question presented, the court today reaches out on its own initiative to decide an issue that has no bearing on the facts of this case. In the process, the court overrules settled case law and engrafts new language onto a statute. This is judicial activism at its worst.

The issue presented in this case is straightforward: When an excessive claim for prejudgment interest appears solely in a pleading, does that claim constitute a "charge" within the usury statute?[1] Our answer today is no; "[u]sury statutes are designed to correct abusive consumer and commercial credit transactions, not to serve as a trap for the unwary pleader in a court proceeding." At 605. That reasoning decides the case.

The flow of that reasoning, however, takes a bizarre and unexpected turn in the preceding paragraph. Expressly disapproving *Hagar v. Williams*, 593 S.W.2d 783 (Tex.Civ.App.—Amarillo 1979, no writ), the court abruptly declares that "[a] charge must be communicated to the debtor." At 605.

That declaration, of course, has nothing to do with this case, either factually or legally. Factually, the statement is inapplicable: there is no suggestion from either party that the alleged "charge" in this case was not communicated to the debtor. Legally, the statement is simply irrelevant: even if the rule were otherwise—i.e., if a charge does not have to be communicated—the outcome of this case would be the same, since the usury statute does not apply to claims made solely in the context of judicial proceedings.

If the court's "communication" statement were settled law, then the court might defensibly refer to that law for illustrative purposes. In fact, though, the only two published opinions addressing the issue resolve it by holding that a charge need *not* be communicated. *See Williams v. Back*, 624 S.W.2d 272, 275 (Tex.Civ.App.—Austin 1981, no writ); *Hagar v. Williams*, 593 S.W.2d at 788. Nonetheless, the court fervently rejects that view, without citing any authority for the new law stated today.

The court's overruling of *Williams v. Back* and *Hagar v. Williams* will no doubt come as a surprise to Carpet Services, in whose favor the court rules. Carpet Services has never suggested that those cases should be overruled, nor has it criticized them in any way.[2] The reason is obvious: both cases are irrelevant. Under Carpet Services' reasoning, which the court today

---

1. It is worth emphasizing that there was no charge of interest in this case outside of the judicial *context*, as counsel for Carpet Services noted in oral argument:

     Carpet Services never once added any amount to any account, never billed excessive interest in an invoice, they never did anything—no general ledger, no books of account, no journals, no nothing—no demand letters; Carpet Services never once charged any interest. The only basis of usury in this case—the sole and exclusive basis of usury—was the one

allegation, the one sentence, in the original petition.

Oral argument of David M. Berman, Counsel for Respondents, May 28, 1991.

2. Carpet Services' brief cites fifty-one cases, but *Hagar v. Williams* is not among them. The brief does cite *Williams v. Back* once, but not to criticize it; on the contrary, Carpet Services relies on the case to support its argument on legislative intent.

adopts, the claim at issue here falls outside the scope of the usury statute whether it was communicated or not.[3] Thus, even if *Williams v. Back* and *Hagar v. Williams* are correct, the outcome of this case remains the same. Given that fact, which the court does not deny, reaching out to overrule the cases is inexcusable.

There are countless reasons why courts should refrain from deciding issues not presented, but the one most apparent here is a practical one. In ruling on the "communication" issue, the court is acting in the dark, without the benefit of an adversarial presentation, and without considering the manifold implications of its ruling. If the issue were fully presented, different considerations would no doubt come to light. For instance, in *Williams v. Back,* the court considered some of the real problems of communication: the creditor had mailed a notice containing an allegedly-usurious charge to the debtor, but the debtor had not received it. The court ruled that the notice was a "charge" within the usury statute, even though it had not been communicated to the debtor. 624 S.W.2d at 275. This court now summarily rejects that approach, without any consideration of the competing interests involved.[4]

Today's uninvited ruling has no basis in either the language or the intent of the usury statute; nor is it necessary to the disposition of the case. I would affirm the judgment of the court of appeals; but I would refrain from deciding the "communication" issue until it is actually presented.

---

3. The argument that Carpet Services presented to this court had nothing to do with communication of a charge:

> I believe that pleadings, as a matter of law, cannot be a vehicle for usury.
> ....
> When I'm filing a pleading on behalf of a client, the nature of the transaction is fundamentally different.... It is not a commercial transaction. It's not rooted in a free contractual relationship.
> ....
> An original petition is far from a bill or invoice. It's not the same thing. The nature of

the transaction is fundamentally different. That difference in nature means that the legislature couldn't have intended the word "charge" to apply in litigation.

Oral argument of David M. Berman, Counsel for Respondents, May 28, 1991.

4. *See generally Steves Sash & Door Co. v. Ceco Corp.,* 751 S.W.2d 473, 476–77 (Tex.1988) (recognizing that the purpose of usury statutes is to punish the lender's conduct, rather than to compensate the borrower).