**WILLIAM C. DEAR & ASSOCIATES, INC., Appellant,**

**v.**

**PLASTRONICS, INC., Appellee.**

**No. 07–94–0155–CV.**

Court of Appeals of Texas, Amarillo.

Jan. 4, 1996.

Rehearing Overruled Jan. 24, 1996.

Clark & Seay, Robert M. Clark, Dallas, for appellant.

Cowles & Thompson, Julia F. Pendery, G. Michael Gruber, Brian N. Hail, Dallas, for appellee.

Before REYNOLDS, C.J., and DODSON and QUINN, JJ.

QUINN, Justice.

William C. Dear & Associates, Inc. (Dear) appealed from a final summary judgment awarding Plastronics, Inc. (Plastronics) $9,375.11. The sum consisted of three times the amount of interest charged in excess of that allowed by law, that is, $4,375.11, plus attorney's fees of $5,000.00. As an additional penalty, the court ordered that Dear "forfeit ... all principal on which interest was charged, $48,612.36, as well as all interests and costs [it] demanded...." In four points of error, Dear contended that it did not charge excessive interest, that the usury statute did not apply to transactions of this nature, that a material question of fact concerning bona fide error existed, and that a material question of fact regarding the reasonableness of the attorney's fees awarded existed. We overrule the first three points, sustain the fourth, and affirm in part and reverse in part.

## Facts

The controversy arises from investigatory services performed by Dear on behalf of Plastronics. The latter raised question about the final sum due and owing. Eventually, Dear sent to Plastronics, on November 10, 1992, an invoice itemizing the outstanding debt and the amount of interest that accrued thereon from May 1992 through October of that same year. As disclosed by the face of the invoice, Dear charged Plastronics interest at one percent per month, or twelve percent per annum. It then added the interest accruing each month to the outstanding principal and calculated further interest on that sum. The method utilized, known as compounding, provided an effective rate slightly exceeding twelve percent per year.

At oral argument, both parties conceded that we look at the face of the November 10th invoice to determine whether Dear levied usurious interest. We abide by that concession.

## Points of Error One through Three

■ As previously mentioned, Dear initially contended that it did not charge interest "in excess of twice the legal rate" and as prohibited by Texas Revised Civil Statute 5069–1.06(2). We disagree.

Neither party suggested that they had an agreement specifying an applicable rate. Under that circumstance, statute permitted Dear to tax Plastronics with simple interest at six percent per annum, commencing 30 days after the debt is due. *Tex.Rev.Civ.Stat. Ann.* art. 5069–1.03 (Vernon 1987). For example, on the $48,612.36 allegedly due, article 5069–1.03 permitted Dear to assess Plastronics an interest charge of approximately $243.06 a month. Dear, however, doubled the assessment in May of 1992 and added the amount to the outstanding principal thereby raising the latter to $49,098.48. To calculate the interest for June, it multiplied $49,098.48 by one percent and derived an interest charge of $490.98. The latter was then added to $49,098.48 for a total of $49,589.46. An identical process was used in calculating interest for July, August, September, and October as well. So figured, the entire amount of interest charged via the November invoice equalled $2,990.62, while statute allowed it to receive approximately $1,458.36. Moreover, basic arithmetic discloses that $2,990.62 exceeds twice the lawful amount Dear could have charged by $73.90. Consequently, Plastronics was entitled, as a matter of law, to the relief provided under Texas Revised Civil Statute 5069–1.06(1) and (2), and that was the exact relief granted below.

■ That the pending circumstances fell within the scope of article 5069–1.06 is beyond doubt. The charge represented a fee sought from Plastronics for withholding payment. As such, it was nothing other than compensation for the detention of money purportedly due, and that is "interest" contemplated by article 5069–1.06. *Tex.Rev.Civ. Stat.Ann.* art. 5069–1.01(a) (defining interest as compensation for the use, forbearance, or

detention of money); *Sunwest Bank of El Paso v. Gutierrez*, 819 S.W.2d 673, 675 (Tex. App.—El Paso 1991, writ denied) (stating that the detention of money occurs when a debt becomes due and the debtor withholds payment without new contract or right to do so).

Equally unquestionable is the absence of any evidence suggesting that the charge emanated from a bona fide error. Dear did not deny that it charged Plastronics one percent per month, compounded monthly, nor that it intended to charge that rate. Nor did it argue that charging one percent per month, so compounded, was some sort of mistake or clerical error. Rather, it posited that it lacked "intent ... to charge ... any interest which [Plastronics] was not obligated to pay" and that "[a]ny charging of interest over and above the lawful rate ... was the result of an accidental and bona fide error." Nevertheless, selecting and assessing a specified rate with the hope that it comports with the usury statutes is not the stuff of a bona fide mistake under purposes of article 5069–1.06(1). *See Commercial Credit Equip. Corp. v. West*, 677 S.W.2d 669, 676–77 (Tex. App.—Amarillo 1984, writ ref'd n.r.e.) (holding that ignorance of the usury laws is not a bona fide error). Miscalculation or typographical mistake exemplifies bona fide error rather than the desire to avoid charging interest which the debtor was not obligated to pay. Indeed, the creditor need not have the specific intent to charge usury to violate the usury statutes; he need only intend to charge the rate charged.

Nor can we agree, as Dear urged, that the assessment it made merely equalled, but failed to exceed, twice the lawful rate. The Texas Supreme Court indeed has condoned the practice of charging interest on interest, that is, the practice of compounding interest. *Bothwell v. Farmers' & Merchants' State Bank & T. Co.*, 120 Tex. 1, 30 S.W.2d 289, 291 (1930). Yet, that case dealt not with 5069–1.03 or its ancestors. Rather, it involved an agreement in which the right to compound was extended. Here, we have a legislative enactment covering situations wherein no agreement exists. In the absence of an agreement, the legislature has daned to allow creditors to charge a specific

six percent. However, the statute mentions nothing of compounding. More importantly, when the legislature has sought to permit compounding, it has enacted statute expressly permitting same. *E.g., Tex.Rev.Civ.Stat. Ann.* art. 5069–1.05, sec. 3(a) (Vernon Supp. 1995) (stating that interest on judgment shall be "compounded annually"). By omitting it in reference to article 5069–1.03, we construe the omission as intent to disallow compounding when the parties have not otherwise agreed, and, we will abide by that intent. Thus, Dear may not invoke the practice of compounding to support its argument that the rate charged failed to exceed twice that permitted by law.

### Point of Error Four

In its last point of error, Dear posited that an issue of fact exists regarding the reasonableness of the attorney's fees incurred by Plastronics. The latter, through affidavit of counsel, proposed that a reasonable fee for services "performed ... from inception to the date of affidavit" would be $5,000.00. It further opined that $5,000.00 for defending against an appeal to intermediate appellate court, $2,500.00 for responding to an application for writ of error to the Texas Supreme Court and $2,500.00 for handling the matter through the Supreme Court should the writ be granted would also comprise reasonable fees. Dear responded, through affidavit executed by counsel, expressly disputing the reasonableness of fee sought for legal work at the trial court level and describing why it believed the fee unreasonable. In so controverting Plastronics' evidence, Dear created a classic material issue of fact which the court could not resolve short of trial. Point of error four is sustained.

Accordingly, we affirm the summary judgment except to the extent that it awards Plastronics an attorney's fee. We reverse the award of the fee and remand, to the trial court for trial, the question of what amount of attorney's fees should reasonably be awarded to Plastronics under article 5069–1.06 of the Texas Revised Civil Statutes.