HOXIE V BAKER

NO. 07-00-0175-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

SEPTEMBER 21, 2001

______________________________

HOXIE IMPLEMENT CO., INC,

Appellant

v.

JIM BAKER, INDIVIDUALLY AND D/B/A BAKER HARVESTING, 

Appellee

_________________________________

FROM THE 84th DISTRICT COURT FOR HANSFORD COUNTY;

NO. 4281; HON. WILLIAM D. SMITH, PRESIDING

_______________________________

ON MOTION FOR REHEARING

_______________________________

Before BOYD, C.J., QUINN and REAVIS, JJ.

Pending before the court are the motions for rehearing filed by Hoxie Implement Co., Inc. and Jim Baker.  We grant, in part, that of Hoxie for the reasons which follow and overrule that of Baker.

Motion for Rehearing of Hoxie

Hoxie believes we erred in concluding that it waived its claim that the transaction upon which the claim of usury was founded involved something other than an absolute obligation to pay a debt.
(footnote: 1)  
We agree for several reasons.  

First, Rule 33.1 of the Texas Rules of Appellate Procedure obligates litigants to preserve their objections through presentation of same to the trial court.  And, as stated in our original opinion, an objection is considered timely urged when asserted at the earliest opportunity, 
Russell v. State
, 904 S.W.2d 191, 196 (Tex. App.--Amarillo 1995, pet. ref’d), or when the potential error becomes apparent.  
Perry v. State
, 957 S.W.2d 894, 896 (Tex. App.--Texarkana 1997, pet. ref’d).  Hoxie correctly asserts that the circumstance which gave rise to a portion of its argument did not occur until the jury failed to find that Baker breached the Purchase Agreement.  At that point, it became clear that Baker owed no debt to Hoxie; prior thereto, the matter was in dispute.
(footnote: 2)  So, because the focus of Hoxie’s contention involved the want of a debt and the jury did not find that such a debt was wanting until 
after
 the trial court granted Baker’s motion for a directed verdict on his usury claim, we cannot say that Hoxie’s contention or objection was apparent at the time the trial court was considering Baker’s motion.    

Alternatively, though not expressly identified as an attack on the legal sufficiency of the evidence underlying the trial court’s verdict 
viz
 the finding of usury, Hoxie’s argument effectively questions the legal sufficiency of that evidence.  That is, the company questions, among other things, whether the trial court could have found as a matter of law that Hoxie committed usury when a purported element of Baker’s claim, 
i.e.
 the existence of an underlying debt, ultimately went unestablished.  And, in alleging that Baker failed to prove an element of his claim, Hoxie in effect questioned the sufficiency of the evidence underlying the court’s decision.  Finally, being an attack on the sufficiency of the evidence, Hoxie need not have presented the issue below to have preserved it for review.  
See Strickland v. Coleman
, 824 S.W.2d 188, 191 (Tex. App.--Houston [1st Dist.] 1991, no writ) (holding that a motion for new trial is not necessary to attack either the legal or factual sufficiency of the evidence underlying a non-jury finding). 

Thus, Hoxie did not waive its argument that no absolute obligation to pay a debt existed.  Having determined this, we now decide whether the argument is accurate and, if so, its affect on our prior decision.    

No Debt? 

As previously indicated, the trial court granted Baker’s motion for a directed verdict upon his claim of usury.  This was done before the court submitted the question of whether the same individual breached the Purchase Agreement.  However, when the latter issue was submitted, the jury concluded that Baker had not.   In so finding, the jury held, for all practical purposes, that Baker owed Hoxie no debt.  

Next, it was the existence of that supposed debt which caused Hoxie to demand from Baker, via the January 15, 1998 demand letter, damages plus interest thereon.  Simply put, if Hoxie had not concluded that Baker breached the Purchase Agreement, then it would have had no basis for seeking damages and interest.  Additionally, while recovery by Hoxie depended upon the existence of a debt, question remains whether the same was and is true of Baker’s claim for usury.  Baker argued that it is not, while Hoxie asserted that it is.  To resolve this dispute, we reiterate various principles of usury discussed and relied upon in our original opinion.  

It is beyond dispute that usury provisions are penal in nature and, therefore, must be strictly construed.  
Moore v. Liddell, Sapp, Ziveley, Hill & Laboon
, 850 S.W.2d 291, 293 (Tex. App.--Austin 1993, writ denied); 
Childs v. Taylor Cotton Oil Co.
, 612 S.W.2d 245, 251 (Tex. App.--Tyler, 1981, writ ref’d n.r.e.).  In construing the provisions applicable here, we initially encounter § 305.001 of the Texas Finance Code.  Through it, the legislature deigned to penalize one who “contracts for, charges, or receives 
interest
 that is greater than the amount authorized” by law.  
Tex. Fin. Code Ann
.
 §305.001(a) (Vernon 1998) (emphasis supplied).  In other words, there must be some effort to assess “interest” to trigger application of the statute.  
See Gonzalez County Sav. & Loan Ass’n
, 534 S.W.2d 903, 906 (Tex. 1976) (holding that the lender did not commit usury since a bona fide commitment as demanded by the lender was not interest); 
Sunday Canyon Prop. Owners Ass’n v. Annett
, 978 S.W.2d 654, 658 (Tex. App.--Amarillo 1998, no pet.) (holding that a realty assessment fee was not interest so levying the fee did not constitute usury).  If what the defendant sought was not “interest,” then his actions cannot be violative of §305.001.

So, we now endeavor to discern what constitutes “interest.”  Luckily, that does not require us to write on a clean slate for the legislature already addressed the matter.  According to statute, “interest” means “compensation for the use, forbearance, or detention of money.”  
Tex. Fin. Code Ann
.
 §301.002(a)(4) (Vernon Supp. 2001).  Moreover, in utilizing the terms “use, forbearance or detention of money” the legislature did not accompany the words with any modifying or conditional language.  That is, it said nothing about the “supposed,” “purported” or “alleged” use, forbearance or detention of money.  And, because it did not, we are prohibited from reading such qualifying terms into the definition.  Instead, authority obligates us to construe the statute as defined by the legislature, and as defined by the legislature, it contemplates the actual use, forbearance or detention of money.  So, if there is no actual use, forbearance or detention of money, then there can be no interest involved.  And, if there is no interest involved, then there can be no violation of §305.001.  With this said, we now turn to the circumstances of the dispute before us.

As described in our original opinion, the type of interest allegedly implicated here involved a request for compensation due to the detention of money.  Again, Hoxie alleged that Baker failed to pay a debt owed and owing to Hoxie, that debt being the sums purportedly due as a result of Baker agreeing to buy the farm machinery.  
See William C. Dear & Assoc., Inc. v. Plastronics. Inc.
, 913 S.W.2d 251, 253-54 (Tex. App.--Amarillo 1996, writ denied) (stating that the detention of money occurs when a debt becomes due and payment has been withheld); 
Sunwest Bank v. Gutierrez
, 819 S.W.2d 673, 675 (Tex. App.--El Paso 1991, writ denied) (stating the same).  Given this, we now determine whether the requisite detention occurred at bar and note that the jury’s verdict all but resolved the issue.

As described above, Hoxie’s claim was founded upon Baker’s supposed breach of the Purchase Agreement.  It was that breach which allegedly gave rise to a chose-in-action or debt between the two parties.  Yet, when the allegation was submitted to the jury for decision, it rejected the proposition.  That is, it held that Baker had not breached the agreement, which, in turn, meant that Baker owed no debt to Hoxie.  Logically, if Baker owed no debt to Hoxie, then it cannot be said that Baker actually detained any monies of Hoxie.  And, if no monies were actually detained, then it cannot be said that Hoxie sought compensation, through its January 15th letter, for the actual detention of money.  And, if Hoxie did not seek such compensation, then it cannot be said that Hoxie sought interest from Baker.  And, if Hoxie did not seek interest from Baker, then it cannot be said that the company violated §305.001 or any other usury law.            

In sum, our Supreme Court held, in 
George A. Fuller Co. v. Carpet Serv., Inc.
, 823 S.W.2d 603 (Tex. 1992), that a demand for excessive prejudgment interest cannot give rise to a claim for usury.  
Id.
 at 605-606.  This was so because the source of the claim was not a commercial or consumer transaction but the judicial process itself.
(footnote: 3)  
Id.
  Through 
Domizio v. Progressive County Mut. Ins. Co.
,No 03-00-00423-CV, 2001Tex. App. LEXIS 5926(Austin  August 30, 2001, no pet. h.), the intermediate court of appeals told us that the insurance company was not liable for usury since there existed no lending relationship between the two parties.  
Id.
 at *12-13.  From these opinions and the statutes involved, we see that there must be some relationship between the usury claimant and the accused which financially obligates the claimant to the accused before the claimant can secure the benefits of the usury statutes.  While the 
Domizio
 court labeled the relationship as one of lender/debtor, we view it as one of creditor/debtor.
(footnote: 4)  Yet, irrespective of its label, that relationship did not exist here once the jury found that Baker had not breached the contract.  It being non-existent, we hold, as a matter of law, that the trial court reversibly erred in finding that Hoxie committed usury.
(footnote: 5)   

Accordingly, we overrule Baker’s motion for rehearing, grant that of Hoxie in part, and modify our judgment in part.  In doing so, we reverse those portions of the trial court’s judgment 1) awarding Baker damages against Hoxie upon his claims of usury and 2) denying Hoxie recovery upon the account receivable due from Baker.  We further order that Hoxie recover from Baker the sum of $3137.70 plus interest at the rate of 1) six percent a year from thirty days after the account receivable became due to the day before judgment and 2) ten percent a year from the date of judgment until paid.  In all other respects, however, the judgment of the trial court is affirmed.
(footnote: 6)

Brian Quinn

   Justice

Publish.

FOOTNOTES
1:
There allegedly existed no absolute obligation to pay a debt, according to Hoxie, for two reasons.  First, there was no debt due Hoxie from Baker once the jury found in favor of Baker on the breach of contract claim.  Second, the existence of the debt was contingent upon Baker foregoing his contractual option to terminate the contract, which option Baker did not forego.

2:
In referring to the “debt,” we are referring to the monetary obligation or chose-in-action that allegedly arose when Baker supposedly breached the Purchase Agreement.  In refusing to perform the contract, Baker allegedly detained monies due Hoxie.  And, because Baker detained those monies, Hoxie believed itself entitled to interest.  So, the interest it demanded via the January 15, 1998 letter was to recompense it for Baker’s supposed detention of monies due and owing.   

3:
No one argued at bar that 
George
 pretermited recovery since Hoxie allegedly demanded excessive prejudgment interest and pre-judgment interest could not be the basis of a claim for usury.  Thus, we did and do not address that matter. 

4:
Admittedly, a loan of money clearly establishes a debtor / creditor relationship and potentially subjects the lender to claims of usury depending upon the terms of the loan.  On the other hand, an agreement to buy chattel from a vendor coupled with a promise to pay for the chattel in a week, month, year, or the like may not be perceived as a direct loan of money but merely as an agreement to postpone payment.  Yet, it cannot be denied that the latter transaction also creates a debtor / creditor relationship potentially subjecting the creditor to claims of usury depending upon the surrounding or subsequently developing circumstances.  So, to say that the person against whom a claim of usury is levied must be a “lender” may be too narrow of an interpretation when it comes to assessing who may be encompassed by the usury laws.  That is why we would rather call the relationship one of debtor / creditor.

5:
Our conclusion would be the same with regard to Hoxie’s demand for monies to reimburse it for interest it allegedly incurred while holding the combines for Baker.  Simply put, recover of those monies was dependent upon establishing that Baker breached its agreement to buy the machinery.  Since the jury found that no such breach occurred, then no debt existed.  And, if no debt existed, then there was no debtor / creditor relationship upon which a claim of usury could be founded.  

6:
In affirming the remaining portions of the trial court’s judgment, we permit the award of attorney’s fees to stand for the reasons mentioned in our original opinion.  And, even had Hoxie preserved his complaint regarding the failure to segregate attorney’s fees recoverable under statute from those which were not, its contention was founded upon the premise that Baker could not recover fees incurred while 
defending against
 Hoxie’s breach of contract/declaratory judgment claim.  The cases cited in our original opinion, i.e. 
First City Nat’l Bank v. Concord Oil Co.
, 808 S.W.2d 133 (Tex. App.--El Paso 1991, no writ); 
Ritchie v. City of Fort Worth,
 730 S.W.2d 448 (Tex. App.--Fort Worth, writ ref’d n.r.e.); 
First Nat’l Bank v. John E. Mitchell Co
., 727 S.W.2d 360 (Tex. App.–Amarillo 1987, writ ref’d n.r.e.), reveal that premise to be wrong, however.  Each holds that when a plaintiff (such as Hoxie) seeks a declaratory judgment, the court may award fees to either the plaintiff or defendant.  
First City Nat’l Bank v. Concord Oil Co.
, 808 S.W.2d at 138-39; 
Ritchie v. City of Fort Worth,
 730 S.W.2d at 451; 
First Nat’l Bank v. John E. Mitchell Co
., 727 S.W.2d at 363.  And, because Hoxie 1) sought a declaratory judgment (and attorney’s fees related thereto) and 2) does not argue that its request for same was frivolous, we conclude that the trial court did not err in awarding Baker attorney’s fees.   
Id.