HOXIE V BAKER



NO. 07-00-0175-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



SEPTEMBER 21, 2001


______________________________



HOXIE IMPLEMENT CO., INC
,




 Appellant


v.



JIM BAKER, INDIVIDUALLY AND D/B/A BAKER HARVESTING, 




 Appellee

_________________________________



FROM THE 84th DISTRICT COURT FOR HANSFORD COUNTY;



NO. 4281; HON. WILLIAM D. SMITH, PRESIDING


_______________________________



ON MOTION FOR REHEARING


_______________________________



Before BOYD, C.J., QUINN and REAVIS, JJ.

 Pending before the court are the motions for rehearing filed by Hoxie Implement
Co., Inc. and Jim Baker. We grant, in part, that of Hoxie for the reasons which follow and
overrule that of Baker.

 Motion for Rehearing of Hoxie

 Hoxie believes we erred in concluding that it waived its claim that the transaction
upon which the claim of usury was founded involved something other than an absolute
obligation to pay a debt. (1) We agree for several reasons. 

 First, Rule 33.1 of the Texas Rules of Appellate Procedure obligates litigants to
preserve their objections through presentation of same to the trial court. And, as stated
in our original opinion, an objection is considered timely urged when asserted at the
earliest opportunity, Russell v. State, 904 S.W.2d 191, 196 (Tex. App.--Amarillo 1995, pet.
ref'd), or when the potential error becomes apparent. Perry v. State, 957 S.W.2d 894, 896
(Tex. App.--Texarkana 1997, pet. ref'd). Hoxie correctly asserts that the circumstance
which gave rise to a portion of its argument did not occur until the jury failed to find that
Baker breached the Purchase Agreement. At that point, it became clear that Baker owed
no debt to Hoxie; prior thereto, the matter was in dispute. (2) So, because the focus of
Hoxie's contention involved the want of a debt and the jury did not find that such a debt
was wanting until after the trial court granted Baker's motion for a directed verdict on his
usury claim, we cannot say that Hoxie's contention or objection was apparent at the time
the trial court was considering Baker's motion. 

 Alternatively, though not expressly identified as an attack on the legal sufficiency of
the evidence underlying the trial court's verdict viz the finding of usury, Hoxie's argument
effectively questions the legal sufficiency of that evidence. That is, the company questions,
among other things, whether the trial court could have found as a matter of law that Hoxie
committed usury when a purported element of Baker's claim, i.e. the existence of an
underlying debt, ultimately went unestablished. And, in alleging that Baker failed to prove
an element of his claim, Hoxie in effect questioned the sufficiency of the evidence
underlying the court's decision. Finally, being an attack on the sufficiency of the evidence,
Hoxie need not have presented the issue below to have preserved it for review. See
Strickland v. Coleman, 824 S.W.2d 188, 191 (Tex. App.--Houston [1st Dist.] 1991, no writ)
(holding that a motion for new trial is not necessary to attack either the legal or factual
sufficiency of the evidence underlying a non-jury finding). 

 Thus, Hoxie did not waive its argument that no absolute obligation to pay a debt
existed. Having determined this, we now decide whether the argument is accurate and,
if so, its affect on our prior decision. 

 No Debt? 

 As previously indicated, the trial court granted Baker's motion for a directed verdict
upon his claim of usury. This was done before the court submitted the question of whether
the same individual breached the Purchase Agreement. However, when the latter issue
was submitted, the jury concluded that Baker had not. In so finding, the jury held, for all
practical purposes, that Baker owed Hoxie no debt. 

 Next, it was the existence of that supposed debt which caused Hoxie to demand
from Baker, via the January 15, 1998 demand letter, damages plus interest thereon. 
Simply put, if Hoxie had not concluded that Baker breached the Purchase Agreement, then
it would have had no basis for seeking damages and interest. Additionally, while recovery
by Hoxie depended upon the existence of a debt, question remains whether the same was
and is true of Baker's claim for usury. Baker argued that it is not, while Hoxie asserted that
it is. To resolve this dispute, we reiterate various principles of usury discussed and relied
upon in our original opinion. 

 It is beyond dispute that usury provisions are penal in nature and, therefore, must
be strictly construed. Moore v. Liddell, Sapp, Ziveley, Hill & Laboon, 850 S.W.2d 291, 293
(Tex. App.--Austin 1993, writ denied); Childs v. Taylor Cotton Oil Co., 612 S.W.2d 245, 251
(Tex. App.--Tyler, 1981, writ ref'd n.r.e.). In construing the provisions applicable here, we
initially encounter § 305.001 of the Texas Finance Code. Through it, the legislature
deigned to penalize one who "contracts for, charges, or receives interest that is greater
than the amount authorized" by law. Tex. Fin. Code Ann. §305.001(a) (Vernon 1998)
(emphasis supplied). In other words, there must be some effort to assess "interest" to
trigger application of the statute. See Gonzalez County Sav. & Loan Ass'n, 534 S.W.2d
903, 906 (Tex. 1976) (holding that the lender did not commit usury since a bona fide
commitment as demanded by the lender was not interest); Sunday Canyon Prop. Owners
Ass'n v. Annett, 978 S.W.2d 654, 658 (Tex. App.--Amarillo 1998, no pet.) (holding that a
realty assessment fee was not interest so levying the fee did not constitute usury). If what
the defendant sought was not "interest," then his actions cannot be violative of §305.001.

 So, we now endeavor to discern what constitutes "interest." Luckily, that does not
require us to write on a clean slate for the legislature already addressed the matter. 
According to statute, "interest" means "compensation for the use, forbearance, or detention
of money." Tex. Fin. Code Ann. §301.002(a)(4) (Vernon Supp. 2001). Moreover, in
utilizing the terms "use, forbearance or detention of money" the legislature did not
accompany the words with any modifying or conditional language. That is, it said nothing
about the "supposed," "purported" or "alleged" use, forbearance or detention of money. 
And, because it did not, we are prohibited from reading such qualifying terms into the
definition. Instead, authority obligates us to construe the statute as defined by the
legislature, and as defined by the legislature, it contemplates the actual use, forbearance
or detention of money. So, if there is no actual use, forbearance or detention of money,
then there can be no interest involved. And, if there is no interest involved, then there can
be no violation of §305.001. With this said, we now turn to the circumstances of the
dispute before us.

 As described in our original opinion, the type of interest allegedly implicated here
involved a request for compensation due to the detention of money. Again, Hoxie alleged
that Baker failed to pay a debt owed and owing to Hoxie, that debt being the sums
purportedly due as a result of Baker agreeing to buy the farm machinery. See William C.
Dear & Assoc., Inc. v. Plastronics. Inc., 913 S.W.2d 251, 253-54 (Tex. App.--Amarillo 1996,
writ denied) (stating that the detention of money occurs when a debt becomes due and
payment has been withheld); Sunwest Bank v. Gutierrez, 819 S.W.2d 673, 675 (Tex. App.--El Paso 1991, writ denied) (stating the same). Given this, we now determine whether the
requisite detention occurred at bar and note that the jury's verdict all but resolved the issue.

 As described above, Hoxie's claim was founded upon Baker's supposed breach of
the Purchase Agreement. It was that breach which allegedly gave rise to a chose-in-action
or debt between the two parties. Yet, when the allegation was submitted to the jury for
decision, it rejected the proposition. That is, it held that Baker had not breached the
agreement, which, in turn, meant that Baker owed no debt to Hoxie. Logically, if Baker
owed no debt to Hoxie, then it cannot be said that Baker actually detained any monies of
Hoxie. And, if no monies were actually detained, then it cannot be said that Hoxie sought
compensation, through its January 15th letter, for the actual detention of money. And, if
Hoxie did not seek such compensation, then it cannot be said that Hoxie sought interest
from Baker. And, if Hoxie did not seek interest from Baker, then it cannot be said that the
company violated §305.001 or any other usury law. 

 In sum, our Supreme Court held, in George A. Fuller Co. v. Carpet Serv., Inc., 823
S.W.2d 603 (Tex. 1992), that a demand for excessive prejudgment interest cannot give
rise to a claim for usury. Id. at 605-606. This was so because the source of the claim was
not a commercial or consumer transaction but the judicial process itself. (3) Id. Through
Domizio v. Progressive County Mut. Ins. Co.,No 03-00-00423-CV, 2001Tex. App. LEXIS
5926(Austin August 30, 2001, no pet. h.), the intermediate court of appeals told us that
the insurance company was not liable for usury since there existed no lending relationship
between the two parties. Id. at *12-13. From these opinions and the statutes involved, we
see that there must be some relationship between the usury claimant and the accused
which financially obligates the claimant to the accused before the claimant can secure the
benefits of the usury statutes. While the Domizio court labeled the relationship as one of
lender/debtor, we view it as one of creditor/debtor. (4) Yet, irrespective of its label, that
relationship did not exist here once the jury found that Baker had not breached the
contract. It being non-existent, we hold, as a matter of law, that the trial court reversibly
erred in finding that Hoxie committed usury. (5) 

 Accordingly, we overrule Baker's motion for rehearing, grant that of Hoxie in part,
and modify our judgment in part. In doing so, we reverse those portions of the trial court's
judgment 1) awarding Baker damages against Hoxie upon his claims of usury and 2)
denying Hoxie recovery upon the account receivable due from Baker. We further order
that Hoxie recover from Baker the sum of $3137.70 plus interest at the rate of 1) six
percent a year from thirty days after the account receivable became due to the day before
judgment and 2) ten percent a year from the date of judgment until paid. In all other
respects, however, the judgment of the trial court is affirmed. (6)




 Brian Quinn

 Justice


Publish.
1. There allegedly existed no absolute obligation to pay a debt, according to Hoxie, for two reasons. 
First, there was no debt due Hoxie from Baker once the jury found in favor of Baker on the breach of contract
claim. Second, the existence of the debt was contingent upon Baker foregoing his contractual option to
terminate the contract, which option Baker did not forego.
2. In referring to the "debt," we are referring to the monetary obligation or chose-in-action that allegedly
arose when Baker supposedly breached the Purchase Agreement. In refusing to perform the contract, Baker
allegedly detained monies due Hoxie. And, because Baker detained those monies, Hoxie believed itself
entitled to interest. So, the interest it demanded via the January 15, 1998 letter was to recompense it for
Baker's supposed detention of monies due and owing. 
3. No one argued at bar that George pretermited recovery since Hoxie allegedly demanded excessive
prejudgment interest and pre-judgment interest could not be the basis of a claim for usury. Thus, we did and
do not address that matter. 
4. Admittedly, a loan of money clearly establishes a debtor / creditor relationship and potentially subjects
the lender to claims of usury depending upon the terms of the loan. On the other hand, an agreement to buy
chattel from a vendor coupled with a promise to pay for the chattel in a week, month, year, or the like may not
be perceived as a direct loan of money but merely as an agreement to postpone payment. Yet, it cannot be
denied that the latter transaction also creates a debtor / creditor relationship potentially subjecting the creditor
to claims of usury depending upon the surrounding or subsequently developing circumstances. So, to say
that the person against whom a claim of usury is levied must be a "lender" may be too narrow of an
interpretation when it comes to assessing who may be encompassed by the usury laws. That is why we would
rather call the relationship one of debtor / creditor.
5. Our conclusion would be the same with regard to Hoxie's demand for monies to reimburse it for
interest it allegedly incurred while holding the combines for Baker. Simply put, recover of those monies was
dependent upon establishing that Baker breached its agreement to buy the machinery. Since the jury found
that no such breach occurred, then no debt existed. And, if no debt existed, then there was no debtor /
creditor relationship upon which a claim of usury could be founded. 
6. In affirming the remaining portions of the trial court's judgment, we permit the award of attorney's fees
to stand for the reasons mentioned in our original opinion. And, even had Hoxie preserved his complaint
regarding the failure to segregate attorney's fees recoverable under statute from those which were not, its
contention was founded upon the premise that Baker could not recover fees incurred while defending against
Hoxie's breach of contract/declaratory judgment claim. The cases cited in our original opinion, i.e. First City
Nat'l Bank v. Concord Oil Co., 808 S.W.2d 133 (Tex. App.--El Paso 1991, no writ); Ritchie v. City of Fort
Worth, 730 S.W.2d 448 (Tex. App.--Fort Worth, writ ref'd n.r.e.); First Nat'l Bank v. John E. Mitchell Co., 727
S.W.2d 360 (Tex. App.-Amarillo 1987, writ ref'd n.r.e.), reveal that premise to be wrong, however. Each holds
that when a plaintiff (such as Hoxie) seeks a declaratory judgment, the court may award fees to either the
plaintiff or defendant. First City Nat'l Bank v. Concord Oil Co., 808 S.W.2d at 138-39; Ritchie v. City of Fort
Worth, 730 S.W.2d at 451; First Nat'l Bank v. John E. Mitchell Co., 727 S.W.2d at 363. And, because Hoxie
1) sought a declaratory judgment (and attorney's fees related thereto) and 2) does not argue that its request
for same was frivolous, we conclude that the trial court did not err in awarding Baker attorney's fees. Id.